**Exhibit 2**

**Declaration of Ian Stamper Windyboy
(Chief Operating Officer, Plain Green LLC)
With Attachments (Exhibits H-M)**

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA

### Richmond Division

DARLENE GIBBS, STEPHANIE EDWARDS, LULA WILLIAMS, PATRICK INSCHO, and LAWRENCE MWETHUKU, *on behalf of themselves and all individuals similarly situated*,

Plaintiffs,

vs.

PLAIN GREEN, LLC and GREAT PLAINS LENDING, LLC,

Defendants.

Civil Action No. 3:17-cv-495-MHL

**DECLARATION OF IAN STAMPER WINDYBOY**

### DECLARATION OF IAN STAMPER WINDYBOY

I, Ian Stamper Windyboy, hereby declare under penalty of perjury that the following is true and correct to the best of my knowledge, information, and belief:

1. I am an enrolled member of the Chippewa Cree Indians of the Rocky Boy's Reservation (the "Tribe").

2. I serve as Chief Operating Officer of Plain Green, LLC ("Plain Green").

3. Plain Green is an installment lending entity that was created as an economic arm of the Tribe in 2010.

4. Plain Green operates online pursuant to the Chippewa Cree Tribal Lending and Regulatory Code. A true and accurate copy of the Tribal Lending and Regulatory Code is attached as Exhibit F to the Declaration of Theodore Whitford, Vice Chairman of the Tribe.

5. Plain Green is located at 93 Mack Road in Box Elder, Montana, which is on the Tribe's Reservation.

Ex. 2 - Declaration of Plain Green COO Ian Windyboy Stamper, PG MTD

6.      The act triggering the release of a loan to a borrower is Plain Green's final assessment of the borrower's loan application.  Plain Green undertakes this final determination on the Reservation at its office at 93 Mack Road in Box Elder, Montana.

7.      Over the past several years, Plaintiffs Darlene Gibbs and Lawrence Mwethuku entered into loan agreements with Plain Green.  True and correct copies of the loan agreements are attached hereto as Exhibits H (Gibbs) and I-M (Mwethuku), with redactions of certain personal information about Ms. Gibbs and Mr. Mwethuku.

8.      All these loan agreements gave Ms. Gibbs and Mr. Mwethuku the option to opt out of the binding arbitration clause.

9.      Ms. Gibbs did not opt out of arbitration.  Mr. Mwethuku did not opt out of arbitration except with respect to his loan agreement dated August 22, 2013 (Ex. I).

10.     Pursuant to Tribal law, Plain Green cannot be sued in any federal, state, tribal, administrative, or other forum absent an express, written waiver of Plain Green's sovereign immunity by the Tribe that is appropriately limited as to duration, scope, transaction, and applicable law.

11.     No written or express waiver of Plain Green's immunity has been provided by the Tribe or Plain Green in respect to these claims raised in this litigation.

I declare, under penalty of perjury of the laws of the United States and the Tribe, that the foregoing is true and correct as executed on this _18_ day of September, 2017.

Ian Stamper Windyboy

-2-

# EXHIBIT H

THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"

Plain Green Consumer Installment Loan Agreement

Loan Number: 72770294

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, Montana 59521
(866) 420-7157

PLEASE READ THESE IMPORTANT DISCLOSURES CAREFULLY

HIGH COST CREDIT DISCLOSURE: THIS LOAN IS NOT INTENDED TO MEET LONG-TERM FINANCIAL NEEDS. THIS LOAN SHOULD BE USED ONLY TO MEET SHORT-TERM CASH NEEDS. RENEWING THE LOAN RATHER THAN PAYING THE DEBT IN FULL WILL REQUIRE ADDITIONAL FINANCE CHARGES.

THE LENDER (HEREINAFTER REFERRED TO AS "PLAIN GREEN, LLC" OR "PLAIN GREEN") IS THE TRIBAL GOVERNMENTAL LENDING ARM OF THE CHIPPEWA CREE TRIBE OF THE ROCKY BOY'S RESERVATION, MONTNA (HEREINAFTER REFERRED TO AS THE "TRIBE"). PLAIN GREEN IS OWNED BY THE TRIBE AND FORMED UNDER TRIBAL LAW FOR THE EXPRESS PURPOSE OF GENERATING REVENUE FOR TRIBAL GOVERNMENTAL PURPOSES. PLAIN GREEN OPERATES WITHIN THE TRIBE'S RESERVATION. BOTH THE TRIBE AND PLAIN GREEN ARE IMMUNE FROM SUIT IN ANY COURT UNLESS THE TRIBE, THROUGH ITS TRIBAL BUSINESS COMMITTEE, EXPRESSLY WAIVES THAT IMMUNITY. WAIVER MAY ONLY BE MADE THROUGH A FORMAL, WRITTEN TRIBAL RESOLUTION FROM THE TRIBAL BUSINESS COMMITTEE. PLAIN GREEN IS REGULATED BY THE TRIBAL CONSUMER PROTECTION BUREAU (THE "BUREAU"). CONSUMERS HAVE THE RIGHT TO SUBMIT COMPLAINTS TO THE BUREAU IN ACCORDANCE WITH THE DISPUTE RESOLUTION PROCESS SET FORTH IN THIS AGREEMENT AND SUBJECT TO THE REGULATORY AUTHORITY OF THE BUREAU IN ACCORDANCE WITH TRIBAL LAW.

Lender:
Plain Green, LLC

Borrower's Name:
Darlene Jones Gibbs

Origination Date: 1/6/2016
This is the date you signed and submitted this Agreement to Plain Green.

Borrower's ID:

Disbursement Date: On or about 1/6/2016
This is the date that the Loan proceeds are released.

Borrower's Address:

Effective Date: 1/7/2016
This is the date that interest begins to accrue.

Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):

Final Payment Due Date: 4/2/2017
This is the Loan maturity date.

In this Plain Green Consumer Installment Loan Agreement (this "Agreement"), "you" and "your" refer to the Borrower identified above. "Tribal Law" means any tribal law or regulation duly enacted by the Chippewa Cree Tribe. "Loan" means the Plain Green consumer installment loan made by the tribal government lender to Borrower under this Agreement.

IMPORTANT DISCLOSURE OF THE TERMS AND CONDITIONS OF THIS LOAN

THE BORROWER EXPRESSLY CONSENTS AND AGREE THAT THIS LOAN IS MADE WITHIN THE TRIBE'S JURISDICTION AND IS SUBJECT TO AND GOVERNED BY TRIBAL LAW AND NOT THE LAW OF THE BORROWER'S RESIDENT STATE. THE BORROWER IS STRONGLY CAUTIONED THAT IF THE BORROWER DOES NOT UNDERSTAND THIS CONSENT, OR DOES NOT WISH TO EXPRESSLY CONSENT TO TRIBAL JURISDICTION OR DOES NOT WISH TO HAVE THE LOAN GOVERENED BY LAWS OF THE TRIBE, THEN THE BORROWER SHOULD REFRAIN FROM ACCEPTING THIS LOAN OR RESCIND THE LOAN WITHIN THE TERMS OF THIS AGREEMENT. ACCEPTING THIS LOAN SHALL BE DEEMED EXPRESS CONSENT TO TRIBAL JURISDICTION AND EXPRESS CONSENT THAT THE LOAN SHALL BE GOVERNED BY THE LAWS OF THE TRIBE. THE BORROWER'S RESIDENT STATE'S LAW MAY HAVE INTEREST RATE LIMITS AND OTHER CONSUMER PROTECTION PROVISIONS THAT ARE MORE FAVORABLE TO THE BORROWER. IF THE BORROWER WISHES TO HAVE THE BORROWER'S RESIDENT STATE'S LAW APPLY TO ANY LOAN THAT THE BORROWER OBTAINS,

Ex. H
PG- Motion to Dismiss

THE BORROWER SHOULD CONSIDER OBTAINING A LOAN FROM A LICENSED LENDER IN THE BORROWER'S STATE. IN ANY EVENT, THE BORROWER SHOULD CAREFULLY EVALUATE THE BORROWER'S FINANCIAL OPTIONS BEFORE OBTAINING ANY LOAN.

PLAIN GREEN LOANS CARRY A HIGH INTEREST RATE AND ARE NOT INTENDED TO PROVIDE A SOLUTION FOR LONGER TERM CREDIT OR OTHER FINANCIAL NEEDS. ALTERNATIVE FORMS OF CREDIT MAY BE LESS EXPENSIVE AND MORE SUITABLE FOR A BORROWER'S FINANCIAL NEEDS.

PLEASE CONSIDER YOUR ABILITY TO REPAY A LOAN. IF YOU ARE HAVING FINANCIAL DIFFICULTIES, YOU SHOULD SEEK THE ASSISTANCE OF FINANCIAL COUNSELORS. BEFORE SIGNING THIS AGREEMENT, PLEASE CAREFULLY READ ITS TERMS. YOUR SIGNATURE AND ACCEPTANCE OF THIS LOAN WILL BE DEEMED PROOF THAT YOU HAVE READ THIS AGREEMENT, YOU HAVE APPROVED OF ALL OF ITS TERMS, YOU HAVE EXPRESSLY CONSENTED TO TRIBAL JURISDICTION, YOU HAVE PROVIDED THE PLAIN GREEN WITH THE MOST CURRENT AND ACCURATE EMPLOYMENT, CREDIT, INCOME, AND ASSET HISTORY REQUIRED FOR PLAIN GREEN TO ASSESS YOUR ELIGIBILITY AND CREDITWORTHINESS, AND YOU AFFIRMATIVELY ACKNOWLEDGE THAT YOU ARE ABLE TO REPAY THIS LOAN ACCORDING TO THE TERMS OF THIS AGREEMENT.

TRUTH IN LENDING DISCLOSURES: Plain Green provides the following Truth-In-Lending disclosures so that you can compare the cost of this Loan to other loan products you might obtain in the United States. Plain Green's inclusion of these disclosures does not mean that Plain Green consents to the application of state or federal law to Plain Green, to the Loan, or this Agreement.

## TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after making all payments as scheduled. |
|---|---|---|---|
| 277.92% | $3,051.06 | $1,200.00 | $4,251.06 |

PAYMENT SCHEDULE: Your Payment Schedule will be as set forth in the following table, with each due date being referred to herein as a "Payment Due Date".

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 14 | $283.41 | 2/2/2016, 3/2/2016, 4/2/2016, 5/2/2016, 6/2/2016, 7/2/2016, 8/2/2016, 9/2/2016, 10/2/2016, 11/2/2016, 12/2/2016, 1/2/2017, 2/2/2017, 3/2/2017 |
| 1 | $283.32 | 4/2/2017 |

PREPAYMENT: If you pay off early, you will not have to pay a penalty.

See the Agreement below for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| Itemization of Amount Financed: | |
|---|---|
| Amount given to you directly: | $1,200.00 |
| Plus: Amount paid on your account with Lender – Loan #_____: | $0.00 |
| Equals: Amount Financed | $1,200.00 |

**PROMISE TO PAY:** You promise to pay to the order of Plain Green or to any assignee of Plain Green or subsequent holder of this Agreement the principal sum of $1,200.00 plus interest from the Effective Date of this Loan at the rate of 279.9915% per year until this Loan is repaid in full. You agree to make payments in the amounts and on or before the Payment Due Dates shown in the Payment Schedule above. You also promise to pay to Plain Green or to any assignee of Plain Green or subsequent holder of this Agreement all other fees and charges provided for under this Agreement.

**INTEREST:** Interest will accrue daily on the unpaid principal balance of this Loan, beginning on the Effective Date, until paid in full. Plain Green calculates interest based on a 365-day year. In calculating your payments, Plain Green has assumed you will make each payment on the day and in the amount due. If any payment is received after the Payment Due Date, you must pay any additional interest that accrues after the Payment Due Date. If any payment is made before a Payment Due Date, the interest due on the scheduled payment will be reduced, and you will owe less interest. The amount of any decrease or increase in interest due will affect the amount of your final payment.

If the amount of any payment is not enough to pay the interest due, the unpaid interest will be paid from your next payment(s), if any, and will not be added to the principal balance. If your payments are less than the interest due, you will owe more money and it will become very difficult to pay off your Loan. Time is of the essence, which means that there are no grace periods for when payments must be made. There are no separate late charges if you fail to make payments in accordance with the Payment Schedule. However, if you do not make each payment in full on the Payment Due Dates as agreed, Plain Green may continue to charge interest on past due amounts at the interest rate set forth in the "Promise to Pay" section. The interest rate and other charges under this Agreement will never exceed the highest rate or charge allowed by Tribal Law or this Agreement. If the amount collected is found to exceed the highest rate or charge allowed, Plain Green will refund an amount necessary to comply with Tribal Law and this Agreement.

**PAYMENTS:** Plain Green will apply your payments in the following order: (1) to any fees due, (2) to accrued but unpaid interest, and (3) to principal amounts outstanding. If you choose to pay via ACH Authorization, each scheduled payment, plus any fees due to Plain Green (if applicable), will be debited from your Bank Account on each Payment Due Date. See the ACH Authorization below for further information. If you choose to receive your Loan proceeds via check and to repay all amounts due pursuant to this

Agreement via check, money order or certified check, please mail each payment payable to Plain Green, LLC, Payment Processing, PO Box 42560, Philadelphia, PA 19101 (or by overnight mail or courier service to Plain Green, LLC c/o MetaSource, 1900 Frost Road, Suite 100, Bristol, PA 19007), in time for Plain Green to receive the payment by 5:00 p.m. Eastern Time on the Payment Due Date.

**PREPAYMENT:**  You may prepay this Loan in whole or in part at any time without penalty. If you prepay in part, you must still make each later payment according to the Payment Schedule above until this Loan is paid in full. Any amounts you prepay will not continue to accrue interest.

**RIGHT OF RESCISSION:**  You may rescind or cancel this Loan if you do so on or before 5:30 p.m., Eastern Time, on the fifth business day after the Origination Date (the "Rescission Deadline"). To cancel, call Plain Green at (866) 420-7157 and request to rescind or cancel this Loan. Then, provide Plain Green written notice of rescission as directed by the customer service representative.

*If you have provided an ACH Authorization:*  If Plain Green timely receives your written notice of rescission on or before the Rescission Deadline but before the Loan proceeds have been credited to your Bank Account, Plain Green will not deposit your Loan proceeds to your Bank Account and both Plain Green's and your obligations under this Agreement will be rescinded. If Plain Green timely receives your written notice of rescission on or before the Rescission Deadline but after the Loan proceeds have been credited to your Bank Account, Plain Green will debit your Bank Account for the principal amount owing under this Agreement. If Plain Green receives payment of the principal amount via the debit, Plain Green's and your obligations under this Agreement will be rescinded. If Plain Green does not receive payment of the principal amount via the debit, then the Agreement will remain in full force and effect until all amounts owed under this Agreement are repaid in full, including any interest and fees.

*If you have elected to receive your Loan proceeds via check delivered by mail:*  If Plain Green timely receives your written notice of rescission on or before the Rescission Deadline; and (a) if Plain Green has not mailed the check representing the Loan proceeds to you or (b) if you have not cashed the check representing the Loan proceeds, then Plain Green will cancel the check and both Plain Green's and your obligations under this Agreement will be rescinded. If you have cashed the check representing the Loan proceeds, you must return the full amount of cash you received to Plain Green by the Rescission Deadline. If Plain Green receives the full amount by the Rescission Deadline, Plain Green's and your obligations under this Agreement will be rescinded. If Plain Green does not receive the full amount by the Rescission Deadline, then the Agreement will remain in full force and effect until all amounts owed under this Agreement are repaid in full, including any interest and fees.

Any pre-assessed fee shall not be deemed security for this Loan and shall be returned by a credit entry to your Bank Account within three (3) business days of an effective rescission.

**CHECK CONVERSION NOTIFICATION:**  When you provide a check as payment, you agree Plain Green may use information from your check to (a) make a one-time electronic withdrawal from your Bank Account or (b) process the payment as a check transaction. When Plain Green uses information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day Plain Green receives your payment, and you will not receive your check back from your financial institution. For questions, please call Plain Green's customer service phone number, (866) 420-7157.

**RETURNED PAYMENT FEES; BORROWER BANK CHARGES:**  If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay Plain Green a fee of $30.00 and you agree that Plain Green may recover court costs and reasonable attorney's fees incurred by Plain Green. If you have elected to repay this Loan via ACH debits to your Bank Account, for each returned payment, you authorize Plain Green and its agents and representatives to make a one-time withdrawal from your Bank Account to collect this fee. Your financial institution may also charge a fee if your Bank Account becomes overdrawn or if a payment is attempted against your Bank Account that would cause it to become overdrawn. You will not hold Plain Green or our agents, representatives, successors or assigns responsible for any such fee you must pay.

**SECURITY:**  No security interest is taken or given in connection with this Loan.

**REFINANCE POLICY:**  Subject to Plain Green credit policies, Plain Green will determine, in its sole discretion, whether your Loan may be refinanced.

**DEFAULT:**  "Default" of this Agreement will occur if: (a) you provide false or misleading information about yourself, your employment or your financial condition prior to entering into this Agreement, (b) you fail to make a payment in full by the applicable Payment Due Date or if your payment is returned to Plain Green for any reason, or (c) you file bankruptcy or become a debtor under U.S. federal bankruptcy laws.

**CONSEQUENCES OF DEFAULT:**  In the event of a Default, Plain Green may choose to do any one or more of the following things: (a) require you to immediately pay everything you owe under this Agreement, (b) if you have elected to repay this Loan via ACH debits to your Bank Account, continue to withdraw regularly scheduled payments and fees from your Bank Account; and (c) pursue all legally available means to collect the balance due. By signing this Agreement you waive notice of default, dishonor, demand for payment, protest, presentment, and any other notice. Amounts you owe Plain Green may include the unpaid principal balance of this Loan, all unpaid accrued fees and interest (including unpaid interest owing on past due amounts), and any costs and fees Plain

Green incurs in connection with this Agreement. By choosing to exercise any one of more of these remedies, Plain Green does not waive its right to use another remedy later. Plain Green may decide not to use any of the remedies described above. In any event, Plain Green shall have and may exercise any and all rights and remedies available to it through tribal law and or in equity. Any claims or defenses whatsoever asserted by or on behalf of Borrower shall be subject to the dispute resolution process and jurisdiction agreed to in this Agreement.

**CREDIT REPORTING:** You agree that Plain Green may make inquiries concerning your credit history and standing, and may report information concerning your performance under this Agreement to credit reporting agencies. Late payments, missed payments or other defaults on your Loan may be reflected in your credit report.

**CHANGE OF PRIMARY RESIDENCE:** You agree to notify Plain Green of any change in your primary residence as soon as practicable, but no later than five (5) days after any change. You agree that the address provided on this Agreement will govern this Agreement until you have met all obligations under this Agreement and that any subsequent change in your primary residence will not affect the terms or enforceability of this Agreement.

**CORRESPONDENCE WITH LENDER:** General correspondence with Plain Green concerning this Loan, this Agreement or your relationship with Plain Green must be directed to Plain Green at the following address: Plain Green, LLC, 93 Mack Road, Suite 600, PO Box 270, Box Elder, Montana 59521. Communications related to the bankruptcy of the Borrower must be directed to Plain Green at the following address: Plain Green, LLC, Attn: Bankruptcy Handling, 93 Mack Road, Suite 600, PO Box 270, Box Elder, Montana 59521.

**FORCE MAJEURE:** Unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit of Loan proceeds and the processing of payments owing hereunder.

**TRANSFER OF RIGHTS; HYPOTHECATION AND MAINTENANCE OF REGISTER:** This instrument is non-negotiable in form but may be pledged as collateral security. If so pledged, any payment made to the payee, either of principal or of interest, upon the debt evidenced by this obligation, shall be considered and construed as a payment on this instrument, the same as though it were still in the possession and under the control of the payee named herein; and the pledgee holding this instrument as collateral security hereby makes said payee its agent to accept and receive payments hereon, either of principal or of interest.

You agree that Plain Green may assign or transfer this Agreement, or any of our rights hereunder, to any other person or entity without prior notice to or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to Tribal Law and remain within jurisdiction of the courts of the Tribe. Plain Green (in its capacity as "Registrar"), acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner, assignees, and persons holding participation interests in the Loan, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive and, you, the Registrar, the Plain Green and all of its assignees and participants shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to Plain Green, as Registrar, at any reasonable time and from time to time upon reasonable prior notice. The foregoing is intended to result in this Agreement being in "registered form" within the meaning of U.S. Treasury Regulations Section 1.871-14(c) and Sections 163(f), 871(h) and 881(c) of the Internal Revenue Code of 1986, as amended, and shall be interpreted and applied in a manner consistent therewith. Any fees and expenses of Plain Green as Registrar for its services shall be charged to the registered owner of the loan and not to you.

**SUCCESSORS AND ASSIGNS:** This Agreement is binding upon your heirs and personal representatives in probate and upon anyone to whom you assign your assets or who succeeds you in any other way; provided, however, that you may not assign or transfer this Agreement except with Plain Green's prior written consent.

**SERVICING COMMUNICATIONS AND COMMUNICATIONS AFTER DEFAULT:** You authorize Plain Green and its authorized representatives to contact you according to your consent provided in your application or according to your account preferences, as modified by you after submitting your application. This may include (i) calling you during reasonable hours at any of the phone numbers listed on your most recent application (s) prior to each Payment Due Date to remind you of the payment due and (b) and for other matters related to your account, (ii) contacting you by text message or other wireless communication method on the mobile phone number listed on your application, (iii) leaving a message with a person or a voice mail service, and (iv) contacting you using auto-dialers or pre-recorded messages, including calls to your mobile phone.

---

**ACH AUTHORIZATION**
(applies only if (a) you select the electronic funding/payment option below or
(b) authorize recurring Debit Card payments)

This ACH Authorization is a part of and relates to this Agreement. You voluntarily authorize Plain Green, and our successors, affiliates, agents, representatives, employees and assigns, to initiate automatic credit and debit entries to your Bank Account in accordance with this Agreement. You agree that Plain Green will initiate a credit entry to your Bank Account for the Amount Financed on or about the Disbursement Date. You agree that Plain Green will initiate a debit entry to your Bank Account on each

Payment Due Date in the payment amount described in the Payment Schedule. For each scheduled payment, whenever a debit entry to your Bank Account is returned to Plain Green for any reason, Plain Green may initiate a debit entry to your Bank Account up to two additional times after the first attempt for each scheduled payment amount. You also agree that Plain Green will initiate a debit entry for any accrued returned payment fees and any interest that accrues on overdue amounts. If your payment is due on a non-business day, it will be processed on the next business day.

You agree that this ACH Authorization is for repayment of a consumer installment loan and that payments shall recur at substantially regular intervals as set forth in this Agreement. This ACH Authorization is to remain in full force and effect for this transaction until you pay your Loan, including any interest and fees, in full. You may revoke this ACH Authorization by contacting Plain Green directly or by contacting your financial institution. If you revoke your ACH Authorization, you agree to make payments to Plain green by check, certified check or money order as set forth in the "Payments" section above. In no event will any revocation of this ACH Authorization be effective with respect to entries processed by Plain Green prior to its receiving such revocation.

You agree that Plain Green may obtain information about you and your Bank Account from your bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or incorrect information in or with your application regarding your bank, bank routing number, or account number, then you authorize Plain Green to verify and correct such information.

Your bank may charge you a fee in connection with Plain Green's credit and/or debit entries. Contact your financial institution for more information specific to your Bank Account.

This ACH Authorization is subject to the following provisions:

(1) Right to stop payment and procedure for doing so. If you have told Plain Green in advance to make regular payments out of your Bank Account, you can stop any of these payments. Here's how: Call Plain Green at (866) 420-7157. or send a written request to Plain Green, 93 Mack Road, Suite 600, PO Box 270, Box Elder, Montana 59521. In order for a cancellation request to be effective by a specific date or for a specific payment, Plain Green must receive the cancellation request three (3) business days or more before that date or before that payment is scheduled to be made. If you call, Plain Green may also require you to put your request in writing and submit to Plain Green within 14 days of your call.

(2) Liability for failure to stop payment of preauthorized transfer. If you order Plain Green to stop a payment at least three (3) business days or more before the debit is scheduled, and Plain Green fails to stop such payment, Plain Green will be liable for your losses or damages.

(3) Notice of varying amounts. You will receive a notice at least 10 days before a payment is debited from your Bank Account if the payment Plain Green is going to debit from your Bank Account varies from the amount disclosed in the Schedule of Payments above. You have the right to receive notice of all varying amounts.

This ACH Authorization is a payment mechanism only and does not give Plain Green collection rights greater than those otherwise contained in this Agreement. This ACH Authorization does not constitute and is not intended to constitute a security interest under Tribal Law.

If you associate one or more debit cards with your account with Plain Green (each a "Debit Card") and authorize Plain Green to initiate recurring payments on your Loan using a Debit Card, the terms of the foregoing ACH Authorization will apply equally to recurring payments made by Debit Card.

**ENTIRE AGREEMENT; SEVERABILITY.** This Agreement, including the Waiver of Jury Trial and Arbitration Agreement, constitutes the entire agreement between Borrower and Plain Green, and if may not be contradicted by evidence of prior or contemporaneous oral agreements between them. If any provision of this Agreement is held unenforceable, including any provision of the Waiver of Jury Trial and Arbitration Agreement, the remainder of this Agreement shall remain in full force and effect.

**GOVERNING LAW; NON-APPLICABILITY OF STATE LAW; INTERSTATE COMMERCE.** This Agreement and the Agreement to Arbitrate are governed by Tribal Law. The Agreement to Arbitrate also comprehends the application of the Federal Arbitration Act, as provided below. Plain Green does not have a presence in Montana or any other state of the United States. Neither this Agreement nor the Plain Green is subject to the laws of any state of the United States. Plain Green may choose to voluntarily use certain federal laws as guidelines for the provision of services. Such voluntary use does not represent acquiescence of the Chippewa Cree Tribe to any federal law unless found expressly applicable to the operations of the Chippewa Cree Tribe. You and Plain Green agree that the transaction represented by this Agreement involves interstate commerce for all purposes.

## WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT

This Agreement includes the following binding Waiver of Jury Trial and Arbitration Agreement (the "Agreement to Arbitrate"). You may opt out of the Agreement to Arbitrate by following these instructions:

*RIGHT TO OPT-OUT:* IF YOU DO NOT AGREE TO ARBITRATE ALL DISPUTES (DEFINED BELOW) IN ACCORDANCE

WITH THE TERMS AND CONDITIONS OF THE AGREEMENT TO ARBITRATE, YOU MUST ADVISE PLAIN GREEN IN WRITING EITHER BY (A) MAIL DELIVERY OF A LETTER POSTMARKED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT, TO 93 MACK ROAD, PO BOX 270, BOX ELDER, MONTANA 59521, OR (B) EMAIL DATED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT TO **SUPPORT@PLAINGREENLOANS.COM**. YOUR OPT-OUT CORRESPONDENCE MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE IF IT IS NOT IN WRITING OR IF IT IS DATED LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT; IT IS NOT SUFFICIENT TO TELEPHONE PLAIN GREEN; IN THE EVENT YOU OPT OUT OF THE AGREEMENT TO ARBITRATE, ANY DISPUTES SHALL BE GOVERNED UNDER TRIBAL LAW AND MUST BE BROUGHT IN THE CHIPPEWA CREE TRIBAL COURT.

*PLEASE CAREFULLY READ THIS AGREEMENT TO ARBITRATE. UNLESS YOU EXERCISE YOUR RIGHT TO OPT-OUT OF ARBITRATION AS DESCRIBED ABOVE, YOU AGREE THAT ANY DISPUTE YOU HAVE RELATED TO THIS AGREEMENT WILL BE RESOLVED THROUGH BINDING ARBITRATION. ARBITRATION REPLACES LITIGATION. BY AGREEING TO ARBITRATE ANY DISPUTES, YOU WAIVE YOUR RIGHT TO GO TO COURT, YOUR RIGHT TO HAVE A JUDGE OR JURY, YOUR RIGHT TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED IN THE ARBITRATION RULES), AND YOUR RIGHT TO PARTICIPATE AS A REPRESENTATIVE OR MEMBER OF ANY CLASS OF CLAIMANTS OR IN ANY CONSOLIDATED ARBITRATION PROCEEDING OR AS A PRIVATE ATTORNEY GENERAL. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT MAY ALSO BE UNAVAILABLE IN ARBITRATION.*

AGREEMENT TO ARBITRATE: You and Plain Green agree that any Dispute (defined below) will be resolved by Arbitration.

WHAT ARBITRATION IS:  "Arbitration" is a form of alternative dispute resolution where Disputes are presented to an independent third party for resolution. A "Dispute" is any claim or controversy of any kind between you and Plain Green or otherwise involving this Agreement or the Loan. The term Dispute is to be given its broadest possible meaning and includes, without limitation, all federal, state or Tribal Law claims or demands (whether past, present, or future), based on any legal or equitable theory and regardless of the type of relief sought (i.e., money, injunctive relief, or declaratory relief). A Dispute includes any issue concerning the validity, enforceability, or scope of this Agreement or this Agreement to Arbitrate.

For purposes of this Agreement to Arbitrate, (a) the terms "you" and "your" include any co-signer and also your heirs, guardian, personal representative, or trustee in bankruptcy, and (b) the term "Plain Green" means Plain Green, LLC as the Lender, Plain Green's affiliated companies, the Tribe, Plain Green's servicing and collection representatives and agents, and each of their respective agents, representatives, employees, officers, directors, members, managers, attorneys, successors, predecessors, and assigns.

HOW ARBITRATION WORKS: If a Dispute arises, the party asserting the claim or demand must initiate arbitration, provided you or Plain Green may first try to resolve the matter informally or through customary business methods, including collection activity. The party requesting arbitration must choose either of the following arbitration firms for initiating and pursuing arbitration: the American Arbitration Association ("AAA") or JAMS, The Resolution Experts ("JAMS"). If you claim you have a Dispute with Plain Green, but do not initiate arbitration or select an arbitration firm, Plain Green may do so. You may obtain copies of the current rules of each of the arbitration firms and forms and instructions for initiating arbitration by contacting them as follows:

|  |  |
|---|---|
| JAMS, The Resolution Experts | American Arbitration Association |
| 1920 Main Street, Ste 300 | 335 Madison Ave, Floor 10 |
| Irvine, CA 92614 | New York, NY 10017-4605 |
| Website: http://www.jamsadr.com/ | Website: http://www.adr.org/ |
| Telephone: (949) 224-1810 or (800) 352-5267 | Telephone: (800) 778-7879 |

The policies and procedures of the selected arbitration firm applicable to consumer transactions will apply provided such policies and procedures do not contradict this Agreement to Arbitrate or Tribal Law. To the extent the arbitration firm's rules or procedures are different than the terms of this Agreement to Arbitrate, the terms of this Agreement to Arbitrate will apply.

WHAT ARBITRATION COSTS:  No matter which party initiates the arbitration, Plain Green will advance or reimburse filing fees and other costs or fees of arbitration, provided each party will be initially responsible for its own attorneys' fees and related costs. Unless prohibited by Tribal Law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

LOCATION OF ARBITRATION:  Any arbitration under this Agreement may be conducted either on Tribal land or within thirty (30) miles of your then current residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the sovereign status or immunity of the Tribe, or (b) to allow for the application of any law other than Tribal Law.

WAIVER OF RIGHTS:  BY ENTERING INTO THIS AGREEMENT, YOU ACKNOWLEDGE AND AGREE THAT YOU ARE WAIVING YOUR RIGHT TO (A) HAVE A JURY TRIAL TO RESOLVE DISPUTES, (B) HAVE A COURT RESOLVE DISPUTES, (C) PARTICIPATE IN A CLASS ACTION LAWSUIT, AND (D) HAVE ACCESS TO DISCOVERY AND OTHER PROCEDURES

THAT ARE AVAILABLE IN A LAWSUIT.

The arbitrator has the ability to award all remedies available under Tribal Law, whether at law or in equity, to the prevailing party, except that you and Plain Green agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving individual Disputes. The validity, effect, and enforceability of the waivers of class action lawsuit and class-wide arbitration, if challenged, are to be determined solely by a Tribal court of competent jurisdiction and not by the AAA, JAMS, or an arbitrator. If the Tribal court refuses to enforce the class-wide arbitration waiver, the parties agree that the Dispute will proceed in Tribal court and will be decided by a Tribal court judge, sitting without a jury, under applicable Tribal court rules and procedures, and not as a class action lawsuit. As an integral component of accepting this Agreement, you irrevocably consent to the exclusive jurisdiction of the Tribal courts for purposes of this Agreement.

APPLICABLE LAW AND JUDICIAL REVIEW OF ARBITRATOR'S AWARD: THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING INTERSTATE COMMERCE AND SHALL BE GOVERNED BY TRIBAL LAW. THE PARTIES ADDITIONALLY AGREE TO LOOK TO THE FEDERAL ARBITRATION ACT AND JUDICIAL INTERPRETATIONS THEREOF FOR GUIDANCE IN ANY ARBITRATION THAT MAY BE CONDUCTED HEREUNDER.  The arbitrator shall apply Tribal Law and the terms of this Agreement, including this Agreement to Arbitrate and the waivers included herein. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. The arbitrator shall make written findings and the arbitrator's award may be filed with a Tribal court. The arbitration award shall be supported by substantial evidence and must be consistent with this Agreement and Tribal Law, and if it is not, it may be set aside by a Tribal court upon judicial review. The parties will have the right to judicial review in a Tribal court of (a) whether the findings of fact rendered by the arbitrator are supported by substantial evidence and (b) whether the conclusions of law are erroneous under Tribal Law. Judgment confirming an award in such a proceeding may be entered only if a Tribal court determines that the award is supported by substantial evidence and is not based on legal error under Tribal Law.

SURVIVAL:  This Agreement to Arbitrate will survive: (1) the cancellation, payment, charge-off, or assignment of this Agreement; (2) the bankruptcy of any party; and (3) any transfer, sale, or assignment of this Agreement, or any amounts owed under this Agreement, to any other person or entity.

PLEASE CAREFULLY REVIEW THIS AGREEMENT, WHICH INCLUDES A WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT THAT MAY BE ENFORCED BY YOU AND PLAIN GREEN. IF YOU HAVE QUESTIONS, PLEASE CONTACT CUSTOMER SERVICE AT (866) 420-7157.

*By electronically signing this Agreement:*  You certify that all information you gave Plain Green in connection with your application and this Agreement is true and correct, and you authorize Plain Green to verify any information you provided. You give Plain Green consent to obtain information about you from one or more consumer reporting agencies and other sources. *You acknowledge that: (a) you have read, understand, and agree to all of the terms and conditions of (i) this Agreement, including the truth-in-lending disclosures and the Waiver of Jury Trial and Arbitration Agreement, and (ii) Plain Green's Privacy Policy; (b) this Agreement contains all of the terms of the agreement between you and Plain Green and that no representations or promises other than those contained in this Agreement have been made; (c) if you elect below to repay this Loan via ACH debits to your Bank Account, you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement; (d) you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code; (e) this Agreement was filled in before you signed it; (f) you have the ability to print or retain a completed copy of this Agreement; and (g) Plain Green has not made the Loan contingent upon your obtaining any other product or service from Plain Green or anyone else.*  You further acknowledge that Plain Green may withhold funding of your Loan until (i) Plain Green confirms that you have made all payments on any previous loans with Plain Green, (ii) Plain Green verifies that all information you gave Plain Green on your application is true and (iii) Plain Green decides whether you meet the requirements to receive the Loan.

*Check Here*

☐ By checking here and signing below, you understand, acknowledge and agree that Plain Green, LLC is a tribal lending entity wholly owned by Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a federally recognized tribe. You further understand, acknowledge and agree that this Loan is governed by the laws of the Chippewa Cree Tribe and is not subject to the provisions or protections of the laws of your home state or any other state. If you wish to have your resident state's law apply to any loan that you obtain, you should consider obtaining a loan from a licensed lender in your state.

Please review and select one of these funding options:

*Check Here*

☐ ELECTRONIC (as soon as the next business day): By checking here and signing below, you agree to the ACH Authorization set forth in this Agreement, which allows Plain Green to debit and credit your Bank Account for this Loan. You acknowledge and agree that the ACH Authorization is for the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You acknowledge that you are not required to consent to receive funds or repay your Loan by ACH or other electronic payment method.

○ **POSTAL MAIL (allow 7 to 10 days for delivery):** By checking here and signing below, you request Loan proceeds be distributed to you by check and delivered by regular mail through the U.S. Postal Service. If you elect to receive your proceeds by mail, you must make payments as explained in the "Payments" section above. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement.

| Your Full Name: | Type 'I Agree': | Date: |
|---|---|---|
| *Darlene Jonas Gibbs* | *I Agree* | 1/6/2016 |

Plain Green, LLC

Date:
1/6/2016

By: Joel Rosette, CEO

000009

# EXHIBIT I

**THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"**

**Consumer Installment Loan Agreement**

**Loan Number: 68693094**

**Plain Green, LLC**
**93 Mack Road, Suite 600**
**P. O. Box 270**
**Box Elder, Montana 59521**
**(866) 420-7157**

**Lender:**

Plain Green, LLC

**Origination Date:** 8/22/2013

This is the date you signed and submitted this Agreement to the Lender.

**Disbursement Date:** On or about 8/22/2013

This is the date that the Loan proceeds are released.

**Effective Date:** 8/23/2013

This is the date that interest begins to accrue.

**Final Payment Due Date:** 2/3/2015

This is the Loan maturity date.

**Borrower's Name:**

Lawrence Mwethuku

**Borrower's ID:**

██████

**Borrower's Address:**

████████████

**Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):**



**This Consumer Installment Loan Agreement (this "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana (the "Chippewa Cree Tribe"), a federally recognized Indian Tribe.** In this Loan Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and "Lender" refer to Plain Green, LLC, a lender authorized by the laws of the Chippewa Cree Tribe. "Loan" means the consumer installment loan made by Lender to Borrower under this Agreement. By executing this Agreement and accepting the Loan from Lender, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

**TRUTH IN LENDING DISCLOSURES:** The truth-in-lending disclosures set forth below are provided to you so that you may compare the cost of this Loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.



**TRUTH-IN-LENDING DISCLOSURES**

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after making all payments as scheduled. |
|---|---|---|---|
| **179.52%** | **$3,257.54** | **$1,800.00** | **$5,057.54** |

**PAYMENT SCHEDULE:** Your Payment Schedule will be as set forth in the following table, with each due date being referred to herein as a "Payment Due Date":

| Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|
| 37 | $133.09 | 9/3/2013, 9/17/2013, 10/1/2013, 10/15/2013, 10/29/2013, 11/12/2013, 11/26/2013, 12/10/2013, 12/24/2013, 1/7/2014, 1/21/2014, 2/4/2014, 2/18/2014, 3/4/2014, 3/18/2014, 4/1/2014, 4/15/2014, 4/29/2014, 5/13/2014, 5/27/2014, 6/10/2014, 6/24/2014, 7/8/2014, 7/22/2014, 8/5/2014, 8/19/2014, 9/2/2014, 9/16/2014, 9/30/2014, 10/14/2014, 10/28/2014, 11/11/2014, 11/25/2014, 12/9/2014, 12/23/2014, 1/6/2015, 1/20/2015 |
| 1 | $133.21 | 2/3/2015 |

**PREPAYMENT:** If you pay off early, you will not have to pay a penalty.

See the Agreement below for any additional information about nonpayment, default, any required repayment in full before the scheduled date, and prepayment refunds and penalties.

| Itemization of Amount Financed | |
|---|---|
| Amount given to you directly: | $1,800.00 |
| *Plus,* Amount paid on your account with Lender - Loan #_____: | $0.00 |
| *Equals,* Amount Financed: | $1,800.00 |

**WARNING: THIS LOAN IS NOT INTENDED TO MEET YOUR LONG-TERM FINANCIAL NEEDS. THIS LOAN SHOULD BE USED ONLY TO MEET SHORT-TERM CASH NEEDS. RENEWING THE LOAN RATHER THAN PAYING THE DEBT IN FULL WILL REQUIRE THE PAYMENT OF ADDITIONAL FINANCE CHARGES.**

**PROMISE TO PAY:** You promise to pay to the order of Lender or to any assignee of Lender or subsequent holder of this Agreement the principal sum of $1,800.00 plus interest from the Effective Date of this Loan at the rate of 180.0180% per year until this Loan is repaid in full. You agree to make scheduled payments under this Loan in the payment amounts and on or before each of the Payment Due Dates listed in the Payment Schedule above. You also promise to pay to Lender or to any assignee of Lender or subsequent holder of this Agreement all other fees and charges provided for under this Agreement.

**INTEREST:** Interest will accrue on a daily basis on the unpaid principal balance of this Loan until paid in full. Interest will accrue based upon the number of days elapsed over a year having 365 days. In the event of acceleration of maturity, calculations for each elapsed day are based upon a daily factor of 1/365 of a year. Interest shall continue to accrue on past due amounts.

**WHEN INTEREST BEGINS TO ACCRUE:** Interest begins to accrue on the Loan on the Effective Date. You will be charged interest on the unpaid principal balance of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the Payment Due Date, you must pay any additional interest that accrues after such date. If any payment is made before a Payment Due Date, the interest due for such installment will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. If the amount of any payment is insufficient to pay the accumulated interest, the unpaid interest continues to accumulate to be paid from the proceeds of subsequent payments, if any, and will not be added to the principal balance. Time is of the essence, which means that there are no grace periods for when payments must be made.

**PAYMENTS:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding. If you have chosen the ACH Authorization option, each scheduled payment plus any fees due to us (if applicable) will be debited from your Bank Account on each Payment Due Date as set forth above. Additional provisions related to this authorization (including provisions related to how such authorization may be terminated) are set forth in the ACH Authorization terms set forth below. If you have chosen to receive your Loan proceeds via check and to repay all amounts due pursuant to this Agreement via money order or certified check, please mail your payments payable to Plain Green, LLC, Payment Processing, P.O. Box 204271, Dallas, Texas 75320-4271 (or by overnight mail or courier service to Lockbox Services: 204271, Plain Green, 2975 Regent Boulevard, Irving, Texas 75063), by the Payment Due Dates set forth in the Payment Schedule above. All mailed payments must reach this address by 5:00 p.m. Eastern Time on the Payment Due Date. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else.

**PREPAYMENT:** You may prepay any amount owed under this Agreement in whole or in part at any time without penalty. If you prepay in part, you must still make each later payment in the original amount as it becomes due until this Loan is paid in full. Prepayments will be applied as specified above, and interest will not continue to accrue on any prepaid principal amount following the date of such payment.

**RIGHT OF RESCISSION:** You may rescind or cancel this Loan, without cost or further obligation to Lender, if you do so on or before 5:30 p.m., Eastern Time, on the fifth business day after the Origination Date (the "Rescission Deadline"). To cancel, call Lender at (866) 420-7157 to tell us you wish to rescind this Loan and provide us written notice of rescission as directed by our customer service representative. *If you have provided an ACH Authorization:* In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but before the Loan proceeds have been credited to your Bank Account, we will not effect a credit entry to your Bank Account and both ours and your obligations under this Agreement will be rescinded. In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but after the Loan proceeds have been credited to your Bank Account because you have provided an ACH Authorization, we will effect a debit to your Bank Account for the principal amount owing under this Agreement. If we receive payment of the principal amount via the debit, ours and your obligations under this Agreement will be rescinded. If we do not receive payment of the principal amount via the debit, then the Agreement will remain in full force and effect until all sums due and owing under this Agreement are repaid in full inclusive of interest and fees, if any. *If you have elected to receive your Loan proceeds via check delivered by mail:* In the event that we timely receive your written notice of rescission on or before the Rescission Deadline, and (a) if we have not mailed the check representing the Loan proceeds to you or (b) if you have not cashed the check representing the Loan proceeds, then we will cancel the check and both ours and your obligations under this Agreement will be rescinded. If you have cashed the check representing the Loan proceeds, you must return the full amount of cash you received to us by the Rescission Deadline. If we do not receive the full amount by the Rescission Deadline, then the Agreement will remain in full force and effect until all sums due and owing under this Agreement are repaid in full, inclusive of interest and fees, if any.

**EFFECT OF PAYMENTS ON PREVIOUS LOANS:** If you have made a payment on your previous loan with Lender, and the payment is returned unpaid for any reason by your bank on or prior to the Disbursement Date noted above, then Lender reserves the right to cancel this Agreement. If we cancel this Agreement, we will provide notice to you at the email address you provided to us.

**REMOTELY CREATED CHECK AUTHORIZATION:** This Remotely Created Check Authorization applies only to Borrowers who have granted an ACH Authorization to Lender in connection with this Loan. If we are unable to process an ACH debit to your Bank Account or we do not receive a payment by the Payment Due Date, and provided that you have not revoked your ACH Authorization, you authorize us and our agents, representatives, successors and assigns to create and submit remotely-created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to

000003

repay installments and any other payments due under this Agreement.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number, (866) 420-7157.

**IMPORTANT INFORMATION ABOUT PROCEDURES FOR OPENING A NEW ACCOUNT:** Lender obtains, verifies and records information that identifies each person who opens an account with Lender. This means that when you open an account with Lender, Lender will ask for your name, address, date of birth, and other information that will allow us to identify you. We may also ask to see your driver's license or other identifying documents.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your credit application. You give us consent to obtain information about you from one or more consumer reporting agencies and other sources. *We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.*

**LATE CHARGE:** There is no separate late charge if you fail to make payments in accordance with the Payment Schedule. However, if you do not make each payment in full on the Payment Due Dates as agreed, Lender may continue to charge interest on past due amounts at the interest rate set forth in the "Promise to Pay" section above.

**RETURNED PAYMENT FEES; BORROWER BANK CHARGES:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. For each returned payment, you authorize Lender and its agents and representatives to make a one-time withdrawal from your Bank Account to collect this fee, if you have elected to repay this Loan via ACH debits to your Bank Account. Your financial institution may also impose a fee if your Bank Account becomes overdrawn. You will not hold us or our agents, representatives, successors or assigns responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**SECURITY:** No security interest is taken or given in connection with this Loan.

**REFINANCE POLICY:** Subject to our credit policies, we will determine, in our sole discretion, whether your Loan may be refinanced.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each, a "Default") if: (a) you provide false or misleading information about yourself, your employment or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us under this Agreement; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have elected to repay this Loan via ACH debits to your Bank Account; and (c) pursue all legally available to collect what you owe us. By signing this Agreement you waive notice of default, dishonor, demand for payment, protest, presentment, and any other notices. Amounts you owe Lender includes the unpaid principal balance of this Loan, all unpaid accrued fees and interest (including unpaid interest owing on past due amounts), and any costs and fees Lender incurs in connection with this Agreement. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then, if you have elected to repay this Loan via ACH debits to your Bank Account, you further authorize us and our agents and representatives to withdraw money from your Bank Account in the full amount due under this Agreement. By choosing to exercise any one of more of these remedies, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

**CREDIT REPORTING:** You agree that Lender may make inquiries concerning your credit history and standing, and may report information concerning your performance under this Agreement to credit reporting agencies. Late payments, missed payments or other defaults on your Loan may be reflected in your credit report.

**CHANGE OF PRIMARY RESIDENCE:** You agree to notify Lender of any change in your primary residence as soon as practicable, but no later than five (5) days after any change. You agree that the address provided on this Agreement will govern this Agreement until you have met all obligations under this Agreement and that any subsequent change in your primary residence will not affect the terms or enforceability of this Agreement.

**CORRESPONDENCE WITH LENDER:** General correspondence with Lender concerning this Loan, this Agreement or your relationship with Lender must be directed to Lender at the following address: Plain Green, LLC, 93 Mack Road, Suite 600, P.O. Box 270, Box Elder, Montana 59521. Communications related to the bankruptcy of the Borrower must be directed to Lender at the following address: Plain Green, LLC, Attn: Bankruptcy Handling, 93 Mack Road, Suite 600, P.O. Box 270, Box Elder, Montana 59521.

**FORCE MAJEURE:** Unavoidable delays as a result of inadvertent processing errors and/or "acts of God" may extend the time for the deposit of Loan proceeds and the processing of payments owing hereunder.

**TRANSFER OF RIGHTS; HYPOTHECATION AND MAINTENANCE OF REGISTER:** This instrument is non-negotiable in form but may be pledged as collateral security. If so pledged, any payment made to the payee, either of principal or of interest, upon the debt evidenced by this obligation, shall be considered and construed as a payment on this instrument, the same as though it were still in the possession and under the control of the payee named herein; and the pledgee holding this instrument as collateral security hereby makes said payee its agent to accept and receive payments hereon, either of principal or of interest. We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa Cree Tribe. Plain Green, LLC (the "Registrar"), acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**SUCCESSORS AND ASSIGNS:** This Agreement is binding upon your heirs and personal representatives in probate and upon anyone to whom you assign your assets or who succeeds you in any other way.

**SERVICING COMMUNICATIONS AND COMMUNICATIONS AFTER DEFAULT:** You authorize Lender and its authorized representatives to call you during reasonable hours at any of the phone numbers listed on your most recent application (a) prior to each Payment Due Date to remind you of the payment due and (b) for other matters related to your account. Until you pay all sums due to Lender under this Agreement, you authorize Lender and its authorized representatives to obtain information about your Bank Account to determine whether funds are available to repay the Loan. If you are in default under this Agreement, you authorize Lender and its authorized representatives to call you at work or home, or at other numbers listed in your application, to contact you by text message (if you have opted in to text messaging) or other wireless communication method on the mobile phone number listed on your application, to leave a message with a person or a voice mail service at either location stating Lender's name and phone number, to write, via U.S. Postal Mail at home, or electronic mail at home or work, and to acquire location information about you from personal contacts on your Loan application. You expressly acknowledge and agree that Lender and its authorized representatives may employ the use of autodialers or pre-recorded messages in its communications with you, including calls to your mobile phone.

**PRIVACY POLICY AND SECURITY PROCEDURES:** Protecting your privacy and maintaining the security of your personal information is important to us and our employees. Please review our Privacy Policy.

---

**ACH AUTHORIZATION**
**(applies only if electronic funding option has been selected)**

This ACH Authorization is a part of and relates to this Agreement. You hereby voluntarily authorize us, and our successors, affiliates, agents, representatives, employees and assigns, to initiate automatic credit and debit entries to your Bank Account in accordance with this Agreement. You agree that we will initiate a credit entry to your Bank Account for the Amount Financed on or about the Disbursement Date. You agree that we will initiate a debit entry to your Bank Account on each Payment Due Date in the payment amount described in the Payment Schedule. *For each scheduled payment, whenever a debit entry to your Bank Account is returned to us for any reason, we may initiate a debit entry to your Bank Account up to two additional times after our first presentation for each scheduled payment amount.* You also agree that we will initiate a debit entry for any accrued returned payment fees and any interest that accrues on overdue amounts. If your payment is due on a non-business day, it will be processed on the next business day.

This ACH Authorization is to remain in full force and effect for this transaction until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. You may only revoke this ACH Authorization by contacting us directly. If you revoke your ACH Authorization, you agree to remit payments to us by certified check or money order as set forth in the "Payments" section above. In no event shall any revocation of this ACH Authorization be effective with respect to entries processed by us prior to our receipt of a notice to withdraw such ACH

Authorization.

Your bank may charge you a fee in connection with our credit and/or debit entries. Contact your financial institution for more information specific to your Bank Account.

You authorize us to verify all of the information that you have provided, including past and/or current information. You agree that this ACH Authorization is for repayment of a consumer installment loan and that these entries shall recur at substantially regular intervals as set forth in this Agreement. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing and transit number, or account number, then you authorize us to verify and correct such information.

If your payment is returned to us by your financial institution due to insufficient funds, or a closed account, you agree that we may recover court costs and reasonable attorney's fees incurred by us.

This ACH Authorization is subject to the following provisions:

(1) *Right to stop payment and procedure for doing so.* If you have told us in advance to make regular payments out of your Bank Account, you can stop any of these payments. Here's how: Call us at (866) 420-7157, or write us at 93 Mack Road, Suite 600, P.O. Box 270, Box Elder, Montana 59521, in time for us to receive your request 3 business days or more before the payment is scheduled to be made. If you call, we may also require you to put your request in writing and get it to us within 14 days after your call.

(2) *Liability for failure to stop payment of preauthorized transfer.* If you order us to stop one of these payments 3 business days or more before the transfer is scheduled, and we do not do so, we will be liable for your losses or damages.

(3) *Notice of varying amounts.* You agree that you will receive a notice at least 10 days before a payment is debited from your Bank Account if the payment we are going to debit from your Bank Account falls outside the range disclosed in the Schedule of Payments above plus applicable fees and charges due to us pursuant to this Agreement and the outstanding balance owing under this Agreement (which may include the unpaid principal balance and accrued unpaid interest owing under the Loan plus any returned payment fees and accrued interest on overdue payments).

This ACH authorization is a payment mechanism only and does not give us collection rights greater than those otherwise contained in this Agreement. This ACH Authorization does not constitute and is not intended to constitute a security interest under the laws of the Chippewa Cree Tribe.

**GOVERNING LAW; SEVERABILITY:** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States of America. If any provision of this Agreement is held unenforceable, including any provision of the Waiver of Jury Trail Arbitration Agreement, the remainder of this Agreement shall remain in full force and effect. The Lender may choose to voluntarily use certain federal laws as guidelines for the provision of services. Such voluntary use does not represent acquiescence of the Chippewa Cree Tribe to any federal law unless found expressly applicable to the operations of the Chippewa Cree Tribe offering such services.

**NOTICE OF WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT**

**This Agreement includes a binding Waiver of Jury Trial and Arbitration Agreement. You may opt out of the Waiver of Jury Trial and Arbitration Agreement by following these instructions:**

***RIGHT TO OPT-OUT:*** **IF YOU DO NOT AGREE TO ARBITRATE ALL DISPUTES (DEFINED BELOW) IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE WAIVER OF JURY TRIAL AND ARBITRATION, YOU MUST ADVISE US IN WRITING EITHER BY (A) HAND DELIVERY OR A LETTER POSTMARKED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT, TO 93 MACK ROAD, SUITE 600, P.O. BOX 270, BOX ELDER, MONTANA 59521, OR (B) BY EMAIL DATED NO LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT TO <u>SUPPORT@PLAINGREENLOANS.COM</u>. YOUR OPT-OUT CORRESPONDENCE MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE IF IT IS NOT IN WRITING OR IF IS DATED LATER THAN 60 DAYS FOLLOWING THE ORIGINATION DATE SET FORTH AT THE TOP OF THIS AGREEMENT; IT IS NOT SUFFICIENT TO TELEPHONE US. IN THE EVENT YOU OPT OUT OF THE WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT, ANY DISPUTES SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.**

**WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT**

**In this Waiver of Jury Trial and Arbitration Agreement (this "Agreement to Arbitrate"), "Tribe" or "Tribal" refers to the**

Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a federally recognized Indian Tribe, and "Tribal Law" means any law or regulation duly enacted by the Chippewa Cree Tribe.

*PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.*  **UNLESS YOU EXERCISE YOUR RIGHT TO OPT-OUT OF ARBITRATION IN THE MANNER DESCRIBED ABOVE, ANY DISPUTE YOU HAVE WITH LENDER OR ANYONE ELSE UNDER THIS AGREEMENT WILL BE RESOLVED BY BINDING ARBITRATION. ARBITRATION REPLACES THE RIGHT TO GO TO COURT, INCLUDING THE RIGHT TO HAVE A JURY, TO ENGAGE IN DISCOVERY (EXCEPT AS MAY BE PROVIDED IN THE ARBITRATION RULES) AND TO PARTICIPATE IN A CLASS ACTION OR SIMILAR PROCEEDING, WHETHER AS A REPRESENTATIVE, MEMBER OR AS A PRIVATE ATTORNEY GENERAL. IN ARBITRATION, A DISPUTE IS RESOLVED BY AN ARBITRATOR INSTEAD OF A JUDGE OR JURY. ARBITRATION PROCEDURES ARE SIMPLER AND MORE LIMITED THAN COURT PROCEDURES. ANY ARBITRATION WILL BE LIMITED TO ADDRESSING YOUR DISPUTE INDIVIDUALLY AND WILL NOT BE PART OF A CLASS-WIDE OR CONSOLIDATED ARBITRATION PROCEEDING. OTHER RIGHTS THAT YOU WOULD HAVE IF YOU WENT TO COURT ALSO MAY NOT BE AVAILABLE IN ARBITRATION.**

**AGREEMENT TO ARBITRATE:** You and we (defined below) agree that any Dispute (defined below) will be resolved by Arbitration.

**WHAT ARBITRATION IS:** "Arbitration" is a means of having an independent third party resolve a dispute. A "Dispute" is any claim or controversy of any kind between you and us. As used in this Agreement, the term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future), including events that occurred prior to origination of your Loan and whether or not a Loan is provided to you, based on any legal or equitable theory (contract, tort, or otherwise) and regardless of the type of relief sought (*i.e.*, money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim based upon a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and any issue concerning the validity, enforceability, or scope of this Agreement or this Agreement to Arbitrate.

This Agreement to Arbitrate benefits and is binding upon you and us. For purposes of this Agreement to Arbitrate, (a) the terms "you" and "your" include any co-signer, co-obligor, or guarantor and also your heirs, guardian, personal representative, or trustee in bankruptcy, and (b) the terms "we," "our," and "us" mean Lender, Lender's affiliated companies, the Tribe, Lender's servicing and collection representatives and agents, and each of their respective agents, representatives, employees, officers, directors, members, managers, attorneys, successors, predecessors, and assigns.

**HOW ARBITRATION WORKS:** If a Dispute arises, the party asserting the claim or demand must initiate arbitration, provided you or we may first try to resolve the matter informally or through customary business methods, including collection activity. Any party to a Dispute may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. The party requesting arbitration must choose either of the following arbitration firms for initiating and pursuing arbitration: the American Arbitration Association ("AAA") or JAMS, The Resolution Experts ("JAMS"). If the parties mutually agree, a private party, such as a retired judge, may serve as the arbitrator. If you claim you have a Dispute with us, but do not initiate arbitration or select an arbitrator, we may do so. You may obtain copies of the current rules of each of the arbitration firms and forms and instructions for initiating arbitration by contacting them as follows:

American Arbitration Association
335 Madison Avenue, Floor 10
New York, NY 10017-4605
Web site: http://www.adr.org
Telephone: (800) 778-7879

JAMS, The Resolution Experts
1920 Main Street, Suite 300
Irvine, CA 92614
Web site: http://www.jamsadr.com
Telephone: (949) 224-1810 or
(800) 352-5267

The policies and procedures of the selected arbitration firm applicable to consumer transactions will apply provided such policies and procedures do not contradict this Agreement to Arbitrate or Tribal Law. To the extent the arbitration firm's rules or procedures are different than the terms of this Agreement to Arbitrate, the terms of this Agreement to Arbitrate will apply.

**WHAT ARBITRATION COSTS:** No matter which party initiates the arbitration, we will advance or reimburse filing fees and other costs or fees of arbitration, provided each party will be initially responsible for its own attorneys' fees and related costs. Unless prohibited by Tribal Law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**LOCATION OF ARBITRATION:** Any arbitration under this Agreement may be conducted either on Tribal land or within thirty (30) miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the sovereign status or immunity of the Tribe, or (b) to allow for the application of any law other than Tribal Law.

**WAIVER OF RIGHTS: BY ENTERING INTO THIS AGREEMENT, YOU ACKNOWLEDGE AND AGREE THAT:**

(a) **YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US;**

(b) **YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR**

RELATED THIRD PARTIES;AND

**(c)   YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US.**

**The arbitrator has the ability to award all remedies available under Tribal Law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual Disputes between the parties. The validity, effect and enforceability of this waiver of class action lawsuit and class-wide arbitration, if challenged, are to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the AAA, JAMS or an arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in Tribal court and will be decided by a Tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available. As an integral component of accepting this Agreement, you irrevocably consent to the jurisdiction of the Tribal courts for purposes of this Agreement.**

**APPLICABLE LAW AND JUDICIAL REVIEW OF ARBITRATOR'S AWARD: THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE.** The arbitrator shall apply Tribal Law and the terms of this Agreement, including this Agreement to Arbitrate and the waivers included herein. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. The arbitrator shall make written findings and the arbitrator's award may be filed with a Tribal court. The arbitration award shall be supported by substantial evidence and must be consistent with this Agreement and Tribal Law, and if it is not, it may be set aside by a Tribal court upon judicial review.

**SURVIVAL; SEVERABILITY:** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Loan, or the relationship between us concerning the Loan; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of the Agreement, or any amounts owed on the Loan, to any other person or entity. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. This Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**PLEASE TAKE THE TIME TO CAREFULLY REVIEW THIS AGREEMENT AND THE WAIVER OF JURY TRIAL AND ARBITRATION AGREEMENT. IF YOU HAVE QUESTIONS OR ARE NOT CERTAIN THAT YOU FULLY UNDERSTAND THIS LOAN TRANSACTION, PLEASE CONTACT CUSTOMER SERVICE AT (866) 420-7157.**

**This Agreement includes a Waiver of Jury Trial and Arbitration Agreement that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Agreement."**

***By electronically signing this Agreement:*** *You certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement and you give us consent to obtain information about you from a consumer reporting agency or other sources.* ***You acknowledge, represent and warrant that: (a) you have read, understand, and agree to all of the terms and conditions of (i) this Agreement, including the truth-in-lending disclosures and the Waiver of Jury Trial and Arbitration Agreement, and (ii) Lender's*** <span style="color:orange">***Privacy Policy***</span>***, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have elected below to repay this Loan via ACH debits to your Bank Account, (d) you are not a debtor under any proceeding in bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we ensure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.***

☑ **I understand, acknowledge and agree that Plain Green, LLC is a tribal lending entity wholly owned by Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a federally recognized tribe. I further understand, acknowledge and agree that this loan is governed by the laws of the Chippewa Cree Tribe and is not subject to the provisions or protections of the laws of my home state or any other state.**

☑ By checking here you authorize us to verify all of the information that you have provided, including past and/or current information. **You certify that you have made or will make all payments on any previous loans with Lender, and you agree that Lender may cancel this loan if any payment on your previous loans is not made or is returned unpaid.** You agree that we may obtain information about you and your Bank Account from your Bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

**Please review and select one of these funding options:**

◉ **ELECTRONIC (as soon as the next business day):** By checking here you authorize us to effect ACH debit and credit entries for this Loan and you agree to the ACH Authorization set forth in this Agreement. You acknowledge and agree that the ACH Authorization inures to the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You agree that the ACH Authorization is subject to our approving this Agreement. If you agree to the ACH Authorization in this Agreement and authorize debit and credit entries for this Loan, you also agree that the ACH Authorization set forth in this Agreement is to remain in full force and effect for this Loan until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. If you revoke your ACH Authorization, you agree to provide us with another means of payment acceptable to us in our sole discretion. Check this box if you agree to the ACH Authorization in this Agreement.

◉ **POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments via money order or certified check by mail as explained in the "Payments" section above. You should allow 7 to 10 days for delivery of the Loan proceeds, and you acknowledge that your Loan proceeds check may not be mailed to you until your "Right of Rescission" (as described above) has expired. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement. If you have elected to receive your Loan proceeds by check, the ACH Authorization set forth above does not apply to the funding or repayment of your Loan.

| **Your Full Name:** | **Type 'I Agree':** | **Date:** |
|---|---|---|
| *Lawrence Mwethuku* | *I agree* | **8/22/2013** |

**Plain Green, LLC**

**Date:**
**8/22/2013**

By: Joel Rosette, CEO

# EXHIBIT J

**THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"**

**CONSUMER LOAN AGREEMENT**
**LOAN NUMBER: 67893953**

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, MT 59521

**BORROWER'S INFORMATION:**

| | |
|---|---|
| **Lender: Plain Green, LLC** | **Borrower's Name:** |
| | Lawrence Mwethuku |
| **Origination Date: 5/28/2013** | **Borrower's ID:** |
| This is the date you signed and submitted this loan agreement to the lender. | ██████████ |
| **Effective Date: 5/29/2013** | **Borrower's Address:** |
| The date you begin to pay interest on the loan. | ██████████████████ |
| **Final Payment Due Date:** | **Borrower's Bank and Account Number for ACH** |
| **11/12/2013** | **Transfers (the "Bank Account"):** |
| | ████████  ██████████ |

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana ("Chippewa Cree").** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and Lender refer to **Plain Green, LLC**, a lender authorized by the laws of the Chippewa Cree. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

**Ex. J**
**PG- Motion to Dismiss**

### TRUTH-IN-LENDING DISCLOSURES

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| **373.97%** | **$568.20** | **$500.00** | **$1,068.20** |

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 11 | $89.02 | 6/11/2013, 6/25/2013, 7/9/2013, 7/23/2013, 8/6/2013, 8/20/2013, 9/3/2013, 9/17/2013, 10/1/2013, 10/15/2013, 10/29/2013 |
| 1 | $88.98 | 11/12/2013 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment penalties.

**Itemization of Amount Financed:** $500.00
**Amount given to you directly:** $500.00

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $500.00 plus interest from the date of this Loan at the rate of 375.0010% per year until this Loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you choose to mail a payment, (i) all payments shall be mailed to PO Box 270, Box Elder, MT 59521, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this Agreement to 93 Mack Road, Suite 600, PO Box 270, Box Elder, MT 59521.

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not

open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (866) 420-7157.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but

unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Chippewa Cree Tribe, you hereby grant to us a security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each a "Default") if: (a) you provide false or misleading information about yourself, your employment, or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** You may rescind or cancel this Loan, without cost or further obligation to Lender, if you do so on or before 5:30 p.m., Eastern Time, on the fifth business day after the Origination Date (the "Rescission Deadline"). To cancel, call Lender at (866) 420-7157 to tell us you wish to rescind this Loan and provide us written notice of rescission as directed by our customer service representative. *If you have provided an ACH Authorization*: In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but before the Loan proceeds have been credited to your Bank Account, we will not effect a credit entry to your Bank Account and both ours and your obligations under this Agreement will be rescinded. In the event that we timely receive your written notice of rescission on or before the Rescission Deadline but after the Loan proceeds have been credited to your Bank Account because you have provided an ACH Authorization, we will effect a debit to your Bank Account for the principal amount owing under this Agreement. If we receive payment of the principal amount via the debit, ours and your obligations under this Agreement will be rescinded. If we do not receive payment of the principal amount via the debit, then the Agreement will remain in full force and effect until all sums due and owing under this Agreement are repaid in full inclusive of interest and fees, if any. *If you have elected to receive your Loan proceeds via check delivered by mail*: In the event that we timely receive your written notice of rescission on or before the Rescission Deadline, and (a) if we have not mailed the check representing the Loan proceeds to you or (b) if you have not cashed the check representing the Loan proceeds, then we will cancel the check and both ours and your obligations under this Agreement will be rescinded.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa-Cree Tribe. Plain Green, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of

each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 93 MACK ROAD, SUITE 600, PO BOX 270, BOX ELDER, MT 59521 OR VIA E-MAIL AT SUPPORT@PLAINGREENLOANS.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described above, any dispute you have with Lender or anyone else under this Agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than court procedures. Any arbitration will be limited to addressing your dispute individually and will not be part of a class-wide or consolidated arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute (defined below) will be resolved by arbitration in accordance with Chippewa Cree tribal law.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent

to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Chippewa Cree Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Chippewa Cree's Tribes sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Chippewa Cree Tribe.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Chippewa Cree Tribe, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the Chippewa Cree Tribe's tribal law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual Disputes between the parties. The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE. The arbitrator will apply the laws of the Chippewa Cree Tribe and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

*By electronically signing this Agreement* you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. *You acknowledge, represent and warrant that (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.*

☑ **I understand, acknowledge and agree that Plain Green, LLC is a tribal lending entity wholly owned by Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a federally recognized tribe. I further understand, acknowledge and agree that this loan is governed by the laws of the Chippewa Cree Tribe and is not subject to the provisions or protections of the laws of my home state or any other state.**

☑ By checking here you authorize us to verify all of the information that you have provided, including past and/or current information. **You certify that you have made or will make all payments on any previous loans with Lender, and you agree that Lender may cancel this loan if any payment on your previous loans is not made or is returned unpaid.** You agree that we may obtain information about you and your Bank Account from your Bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

**Please review and select one of these funding options:**

◉ **ELECTRONIC (as soon as the next business day):** By checking here you authorize us to effect ACH debit and credit entries for this Loan and you agree to the ACH Authorization set forth in this Agreement. You acknowledge and agree that the ACH Authorization inures to the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You agree that the ACH Authorization is subject to our approving this Agreement. If you agree to the ACH Authorization in this Agreement and authorize debit and credit entries for this Loan, you also agree that the ACH Authorization set forth in this Agreement is to remain in full force and effect for this Loan until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. If you revoke your ACH Authorization, you agree to provide us with another means of payment acceptable to us in our sole discretion. Check this box if you agree to the ACH Authorization in this Agreement.

◉ **POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments via money order or certified check by mail as explained in the "Payments" section above. You should allow 7 to 10 days for delivery of the Loan proceeds, and you acknowledge that your Loan proceeds check may not be mailed to you until your "Right of Rescission" (as described above) has expired. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement. If you have elected to receive your Loan proceeds by check, the ACH Authorization set forth above does not apply to the funding or repayment of your Loan.

**Plain Green, LLC**

**Date:**
**5/28/2013**

By: Billi Anne Raining Bird-Morsette, CEO

| **Your Full Name:** | **Type 'I Agree':** | **Date:** |
| --- | --- | --- |
| *Lawrence Mwethuku* | *I Agree* | **5/28/2013** |

# EXHIBIT K

**THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"**

# CONSUMER LOAN AGREEMENT
# Loan Number: 67338053

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, MT 59521

## Borrower's Information:

| | |
|---|---|
| Lender: Plain Green, LLC | Borrower's Name:<br>Lawrence Mwethuku |
| Origination Date: 3/28/2013<br>This is the date you signed and submitted this loan agreement to the lender. | Borrower's ID:<br>██████████ |
| Effective Date: 3/29/2013<br>The date you begin to pay interest on the loan. | Borrower's Address:<br>████████████████ |
| Final Payment Due Date:<br>9/16/2014 | Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):<br>████████ |

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana ("Chippewa Cree").** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and Lender refer to **Plain Green, LLC**, a lender authorized by the laws of the Chippewa Cree. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>$3,882.93 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br>$1,600.00 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$5,482.93 |
|---|---|---|---|

Ex. K
PG - Motion to Dismiss

000001

# Truth-In-Lending Disclosures

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br>218.29% | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>$3,882.93 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br>$1,600.00 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$5,482.93 |

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 37 | $144.30 | 4/16/2013, 4/30/2013, 5/14/2013, 5/28/2013, 6/11/2013, 6/25/2013, 7/9/2013, 7/23/2013, 8/6/2013, 8/20/2013, 9/3/2013, 9/17/2013, 10/1/2013, 10/15/2013, 10/29/2013, 11/12/2013, 11/26/2013, 12/10/2013, 12/24/2013, 1/7/2014, 1/21/2014, 2/4/2014, 2/18/2014, 3/4/2014, 3/18/2014, 4/1/2014, 4/15/2014, 4/29/2014, 5/13/2014, 5/27/2014, 6/10/2014, 6/24/2014, 7/8/2014, 7/22/2014, 8/5/2014, 8/19/2014, 9/2/2014 |
| 1 | $143.83 | 9/16/2014 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment penalties.

**Itemization of Amount Financed:**       **$1,600.00**

   **Amount given to you directly:**       **$1,600.00**

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $1,600.00 plus interest from the date of this Loan at the rate of 219.9855% per year until this Loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you

000002

choose to mail a payment, (i) all payments shall be mailed to PO Box 270, Box Elder, MT 59521, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this Agreement to 93 Mack Road, Suite 600, PO Box 270, Box Elder, MT 59521.

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as

modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (866) 420-7157.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Chippewa Cree Tribe, you hereby grant to us a security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each a "Default") if: (a) you provide false or misleading information about yourself, your employment, or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if

000004

you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** YOU MAY CANCEL THIS LOAN, WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, BY TELEPHONING TOLL-FREE 866-420-7157 BY 5:30 P.M. EASTERN TIME ON THE FIRST BANKING DAY AFTER THE EFFECTIVE DATE. YOU CAN CANCEL ONLY IF YOU SEND US BACK THE MONEY FROM THE LOAN WE PUT IN YOUR BANK ACCOUNT, RETURN THE LOAN PROCEEDS CHECK MAILED TO YOU OR WE ARE ABLE TO WITHDRAW THE AMOUNT OF YOUR LOAN FROM YOUR BANK ACCOUNT.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa-Cree Tribe. Plain Green, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 93 MACK ROAD, SUITE 600, PO BOX 270, BOX ELDER, MT 59521 OR VIA E-MAIL AT SUPPORT@PLAINGREENLOANS.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described above, any dispute you have with Lender or anyone else under this Agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration

procedures are simpler and more limited than court procedures. Any arbitration will be limited to addressing your dispute individually and will not be part of a class-wide or consolidated arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute (defined below) will be resolved by arbitration in accordance with Chippewa Cree tribal law.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Chippewa Cree Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Chippewa Cree's Tribes sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Chippewa Cree Tribe.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Chippewa Cree Tribe, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT

000006

YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the Chippewa Cree Tribe's tribal law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be restricted to resolving the individual Disputes between the parties. The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE. The arbitrator will apply the laws of the Chippewa Cree Tribe and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

000007

***By electronically signing this Agreement*** you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. ***You acknowledge, represent and warrant that (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.***

   I understand, acknowledge and agree that Plain Green, LLC is a tribal lending entity wholly owned by Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana, a federally recognized tribe. I further understand, acknowledge and agree that this loan is governed by the laws of the Chippewa Cree Tribe and is not subject to the provisions or protections of the laws of my home state or any other state.

   By checking here you authorize us to verify all of the information that you have provided, including past and/or current information. **You certify that you have made or will make all payments on any previous loans with Lender, and you agree that Lender may cancel this loan if any payment on your previous loans is not made or is returned unpaid.** You agree that we may obtain information about you and your Bank Account from your Bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

**Please review and select one of these funding options:**

   **ELECTRONIC (as soon as the next business day):** By checking here you authorize us to effect ACH debit and credit entries for this Loan and you agree to the ACH Authorization set forth in this Agreement. You acknowledge and agree that the ACH Authorization inures to the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You agree that the ACH Authorization is subject to our approving this Agreement. If you agree to the ACH Authorization in this Agreement and authorize debit and credit entries for this Loan, you also agree that the ACH Authorization set forth in this Agreement is to remain in full force and effect for this Loan until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. If you revoke your ACH Authorization, you agree to provide us with another means of payment acceptable to us in our sole discretion. Check this box if you agree to the ACH Authorization in this Agreement.

   **POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments via money order or certified check by mail as explained in the "Payments" section above. You should allow 7 to 10 days for delivery of the Loan proceeds, and you acknowledge that your Loan proceeds check may not be mailed to you until your "Right of Rescission" (as described above) has expired. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement. If you have elected to receive your Loan proceeds by check, the ACH Authorization set forth above does not apply to the funding or repayment of your Loan.

000008

**Plain Green, LLC**

**Date:**
**3/28/2013**

By: Billi Anne Raining Bird-Morsette, CEO

**Your Full Name:**    **Type 'I Agree':**    **Date:**
*Lawrence Mwethuku*    *I agree*    **3/28/2013**

000009

# EXHIBIT L

**THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"**

# CONSUMER LOAN AGREEMENT
# Loan Number: 66772558

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, MT 59521

## Borrower's Information:

| | |
|---|---|
| Lender: Plain Green, LLC | Borrower's Name:<br>Lawrence Mwethuku |
| Origination Date: 1/28/2013<br>This is the date you signed and submitted this loan agreement to the lender. | Borrower's ID:<br>██████████ |
| Effective Date: 1/29/2013<br>The date you begin to pay interest on the loan. | Borrower's Address:<br>████████████████ |
| Final Payment Due Date:<br>12/24/2013 | Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"):<br>████████ |

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana ("Chippewa Cree").** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and Lender refer to **Plain Green, LLC**, a lender authorized by the laws of the Chippewa Cree. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>$1,826.48 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br>$1,000.00 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$2,826.48 |
|---|---|---|---|

<span style="color:red">Ex. L<br>PG - Motion to Dismiss</span>

000001

## Truth-In-Lending Disclosures

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate.<br>299.17% | FINANCE CHARGE<br>The dollar amount the credit will cost you.<br>$1,826.48 | Amount Financed<br>The amount of credit provided to you or on your behalf.<br>$1,000.00 | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled.<br>$2,826.48 |
|---|---|---|---|

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 23 | $117.75 | 2/5/2013, 2/19/2013, 3/5/2013, 3/19/2013, 4/2/2013, 4/16/2013, 4/30/2013, 5/14/2013, 5/28/2013, 6/11/2013, 6/25/2013, 7/9/2013, 7/23/2013, 8/6/2013, 8/20/2013, 9/3/2013, 9/17/2013, 10/1/2013, 10/15/2013, 10/29/2013, 11/12/2013, 11/26/2013, 12/10/2013 |
| 1 | $118.23 | 12/24/2013 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment penalties.

**Itemization of Amount Financed:**                                   **$1,000.00**

  **Amount given to you directly:**                                   **$1,000.00**

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $1,000.00 plus interest from the date of this Loan at the rate of 299.9935% per year until this Loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you choose to mail a payment, (i) all payments shall be mailed to PO Box 270, Box Elder, MT 59521, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this Agreement to 93 Mack Road, Suite 600, PO Box 270, Box Elder, MT 59521.

000002

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to

pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (866) 420-7157.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Chippewa Cree Tribe, you hereby grant to us a security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each a "Default") if: (a) you provide false or misleading information about yourself, your employment, or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

000004

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** YOU MAY CANCEL THIS LOAN, WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, BY TELEPHONING TOLL-FREE 866-420-7157 BY 5:30 P.M. EASTERN TIME ON THE FIRST BANKING DAY AFTER THE EFFECTIVE DATE. YOU CAN CANCEL ONLY IF YOU SEND US BACK THE MONEY FROM THE LOAN WE PUT IN YOUR BANK ACCOUNT, RETURN THE LOAN PROCEEDS CHECK MAILED TO YOU OR WE ARE ABLE TO WITHDRAW THE AMOUNT OF YOUR LOAN FROM YOUR BANK ACCOUNT.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa-Cree Tribe. Plain Green, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

**WAIVER OF JURY TRIAL AND ARBITRATION.**

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 93 MACK ROAD, SUITE 600, PO BOX 270, BOX ELDER, MT 59521 OR VIA E-MAIL AT SUPPORT@PLAINGREENLOANS.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described above, any dispute you have with Lender or anyone else under this Agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than court procedures. Any arbitration will be limited to addressing your dispute individually and will not be part of a class-wide or consolidated arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute (defined below) will be resolved by arbitration in accordance with Chippewa Cree tribal law.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is

any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Chippewa Cree Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Chippewa Cree's Tribes sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Chippewa Cree Tribe.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Chippewa Cree Tribe, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the Chippewa Cree Tribe's tribal law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be

000006

restricted to resolving the individual Disputes between the parties. The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE. The arbitrator will apply the laws of the Chippewa Cree Tribe and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

*By electronically signing this Agreement* you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. *You acknowledge, represent and warrant that (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than*

000007

*those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.*

By checking here you authorize us to verify all of the information that you have provided, including past and/or current information. **You certify that you have made or will make all payments on any previous loans with Lender, and you agree that Lender may cancel this loan if any payment on your previous loans is not made or is returned unpaid.** You agree that we may obtain information about you and your Bank Account from your Bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

**Please review and select one of these funding options:**

**ELECTRONIC (as soon as the next business day):** By checking here you authorize us to effect ACH debit and credit entries for this Loan and you agree to the ACH Authorization set forth in this Agreement. You acknowledge and agree that the ACH Authorization inures to the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You agree that the ACH Authorization is subject to our approving this Agreement. If you agree to the ACH Authorization in this Agreement and authorize debit and credit entries for this Loan, you also agree that the ACH Authorization set forth in this Agreement is to remain in full force and effect for this Loan until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. If you revoke your ACH Authorization, you agree to provide us with another means of payment acceptable to us in our sole discretion. Check this box if you agree to the ACH Authorization in this Agreement.

**POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments via money order or certified check by mail as explained in the "Payments" section above. You should allow 7 to 10 days for delivery of the Loan proceeds, and you acknowledge that your Loan proceeds check may not be mailed to you until your "Right of Rescission" (as described above) has expired. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement. If you have elected to receive your Loan proceeds by check, the ACH Authorization set forth above does not apply to the funding or repayment of your Loan.

**Plain Green, LLC**

| | |
|---|---|
| [ ? ] | **Date:** 1/28/2013 |

By: Billi Anne Raining Bird-Morsette, CEO

| **Your Full Name:** | **Type 'I Agree':** | **Date:** |
|---|---|---|
| *Lawrence Mwethuku* | *I agree* | **1/28/2013** |

# EXHIBIT M

**THIS AGREEMENT SHALL NOT CONSTITUTE A "NEGOTIABLE INSTRUMENT"**

## CONSUMER LOAN AGREEMENT
## Loan Number: 65500641

Plain Green, LLC
93 Mack Road, Suite 600
PO Box 270
Box Elder, MT 59521

## Borrower's Information:

| | |
|---|---|
| Lender: Plain Green, LLC | Borrower's Name: Lawrence Mwethuku |
| Origination Date: 10/1/2012 | Borrower's ID: |
| This is the date you signed and submitted this loan agreement to the lender. | ██████████ |
| Effective Date: 10/3/2012 | Borrower's Address: |
| The date you begin to pay interest on the loan. | ████████████████ |
| Final Payment Due Date: 9/3/2013 | Borrower's Bank and Account Number for ACH Transfers (the "Bank Account"): ████████ |

**This Loan Agreement (the "Agreement") is subject solely to the exclusive laws and jurisdiction of the Chippewa Cree Tribe of the Rocky Boy's Indian Reservation, Montana ("Chippewa Cree").** In this Agreement, "you" and "your" refer to the Borrower identified above. "We", "us", "our", and Lender refer to **Plain Green, LLC**, a lender authorized by the laws of the Chippewa Cree. "Loan" means this consumer installment loan. By executing this Agreement, you hereby acknowledge and consent to be bound to the terms of this Agreement, consent to the sole subject matter and personal jurisdiction of the Chippewa Cree Tribal Court, and further agree that no other state or federal law or regulation shall apply to this Agreement, its enforcement or interpretation.

TRUTH IN LENDING DISCLOSURES: The disclosures below are provided to you so that you may compare the cost of this loan to other loan products you might obtain in the United States. Our inclusion of these disclosures does not mean that we or any subsequent holder of this Agreement consent to application of state or federal law to us, to the Loan, or this Agreement.

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. $1,957.51 | Amount Financed The amount of credit provided to you or on your behalf. $1,000.00 | Total of Payments The amount you will have paid after you have made all payments as scheduled. $2,957.51 |
|---|---|---|---|

<span style="color:red">**Ex. M**
**PG - Motion to Dismiss**</span>

000001

## Truth-In-Lending Disclosures

| ANNUAL PERCENTAGE RATE The cost of your credit as a yearly rate. | FINANCE CHARGE The dollar amount the credit will cost you. | Amount Financed The amount of credit provided to you or on your behalf. | Total of Payments The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 299.17% | $1,957.51 | $1,000.00 | $2,957.51 |

Your payment schedule (the "Payment Schedule") will be:

| Number of Payments | Amount of Payments | When Payments Are Due (each, a "Payment Due Date") |
|---|---|---|
| 23 | $123.25 | 10/16/2012, 10/30/2012, 11/13/2012, 11/27/2012, 12/11/2012, 12/25/2012, 1/8/2013, 1/22/2013, 2/5/2013, 2/19/2013, 3/5/2013, 3/19/2013, 4/2/2013, 4/16/2013, 4/30/2013, 5/14/2013, 5/28/2013, 6/11/2013, 6/25/2013, 7/9/2013, 7/23/2013, 8/6/2013, 8/20/2013 |
| 1 | $122.76 | 9/3/2013 |

PREPAYMENT: If you pay off the Loan early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

SECURITY INTEREST: If you have chosen the ACH Debit Authorization option, your ACH authorization is security for this loan.

See the Loan Agreement for any additional information about nonpayment, default, any required repayment in full before the scheduled date and prepayment penalties.

**Itemization of Amount Financed:**                                                                      **$1,000.00**

**Amount given to you directly:**                                                                         **$1,000.00**

**PROMISE TO PAY:** You promise to pay to the order of Lender or any registered assignee of this Agreement the principal sum of $1,000.00 plus interest from the date of this Loan at the rate of 299.9935% per year until this Loan is repaid in full. You promise to pay these amounts on the dates listed in the Payment Schedule above. You also promise to pay to us or to any subsequent holder of this Agreement any other fees provided for under this Agreement.

**PAYMENTS:** You promise to pay the amount of the Total of Payments shown above on or before the Payment Due Date. If you have chosen the ACH Debit Authorization option, you must make arrangements with us by 5:00 PM Eastern Time, on the business day prior to the Payment Due Date, so an authorized ACH entry is not initiated. If you choose to mail a payment, (i) all payments shall be mailed to PO Box 270, Box Elder, MT 59521, (ii) payment must reach this address by the Payment Due Date, and (iii) you should notify us prior to 5:00 PM Eastern Time the business day prior to Payment Due Date so an authorized ACH entry is not initiated prior to receipt of the payment. In addition, you agree that we cannot make and have not made the Loan contingent upon your obtaining any other product or service from us or anyone else. If you have chosen to receive your loan proceeds via check please mail your payments by the dates indicated within "When Payments Are Due" section of this Agreement to 93 Mack Road, Suite 600, PO Box 270, Box Elder, MT 59521.

000002

**CALCULATION OF INTEREST AND PAYMENTS:** The interest charged hereunder is calculated using the simple interest method and has been computed upon the basis that you will pay all installments on the scheduled Payment Dates. Interest shall not be payable in advance or compounded.

**WHEN YOU BEGIN PAYING INTEREST:** You begin to pay us interest on the Loan on the date the proceeds of the Loan are deposited into your Bank Account, or, if you elect to receive Loan proceeds by check through the mail, the date we issue the check (the "Effective Date"). You will be charged interest on the unpaid amount of the Loan each day from the Effective Date until the Loan is paid in full. In calculating your payments, we have assumed you will make each payment on the day and in the amount due. If any payment is received after the payment due date, you must pay any additional interest that accrues after such date. If any payment is made before the payment due date, the interest due will be reduced. The amount of this decrease or increase in interest due will be reflected in the final payment that is due. Time is of the essence, which means that there are no grace periods for when payments must be made. If any payment is due on a day on which your bank is not open, then such payment shall be due on the next day upon which your bank is open.

**VERIFICATION:** You authorize us to verify the information you provided to us in connection with your Loan application. You give us consent to obtain information about you from a consumer reporting agency or other sources. We reserve the right to withhold funding of this Loan, at any time prior to disbursement, to allow us to verify the information you have provided to us.

**ACH AUTHORIZATION TO CREDIT BANK ACCOUNT:** Unless the proceeds of this Agreement are applied to any outstanding loan balance that you may owe to us, and you do not elect to receive the Loan proceeds by check through regular mail, you authorize us and our agents to initiate an Automated Clearing House ("ACH") credit entry to your Bank Account to disburse the proceeds of this Loan.

**ACH AUTHORIZATION TO DEBIT BANK ACCOUNT:** Unless you chose to mail to us a check or money order as payment for this Loan, you authorize us, and our agents, successors, employees, and registered assigns to withdraw money from your Bank Account for each payment you owe us, including any returned payment charges and the total amount you owe if you do not pay us when you agreed in this Agreement. You agree we can withdraw money from your Bank Account (called an 'ACH debit entry') on each scheduled payment date shown on the Payment Schedule above. This right to withdraw money from your Bank Account will remain in full force until the earlier of the following occurs: (i) you pay us everything that you owe us under this Agreement or (ii) you tell us or the institution holding your Bank Account (the "Paying Bank") that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. You acknowledge and agree that this ACH Authorization to Debit Bank Account inures to the benefit of Plain Green, LLC, its affiliates, agents, employees, successors, and registered assigns.

**NOTICE OF VARYING AMOUNTS:** For those customers who have chosen the ACH Debit Authorization, please note that you have the right to receive notice of all withdrawals from your Bank Account by an ACH Debit that vary in amount. However, by agreeing to let us withdraw the money from your Bank Account, you agree we only have to tell you the range of withdrawals that we can make. The range of withdrawals will be either an amount equal to your installment payment or an amount equal to the outstanding balance under the Loan (which may be greater than or less than an installment payment based upon your payment history), plus a returned payment fee as specified below. For any withdrawal outside of this specified range, we will send you a notice. Therefore, by signing this Agreement below, you are choosing to only receive notice when a withdrawal exceeds the amount in the specified range. You authorize us to vary the amount of the amount of any withdrawal as needed to repay installments due on the Loan as modified by any partial prepayments you make.

**TERMINATING ACH DEBIT AUTHORIZATION:** For those customers who have chosen the ACH Debit Authorization, the ACH debit authorization will remain in full force and effect until the earlier of the following occurs: (i) you satisfy all of your payment obligations under this Agreement or (ii) you tell us or the Paying Bank that we can no longer withdraw money from your Bank Account in enough time to let the Paying Bank or us stop taking the money out of your Bank Account. Terminating your ACH authorization does not relieve you of your obligation to

000003

pay your Loan in full.

**REMOTELY CREATED CHECK AUTHORIZATION:** If you terminate any previous ACH Debit Authorization you provided to us or we do not receive a payment by the Payment Due Date, you authorize us and our agents, successors and assigns to create and submit remotely created checks for payment to us in the amount of each payment owing under this Agreement, including any returned payment charges or other amounts owing to us upon acceleration of this Loan as a result of your Default. Your typed signature below shall constitute your authorization to us to authenticate remotely created checks, which are also known as demand drafts, telechecks, preauthorized drafts, or paper drafts. If you believe we charged your Bank Account in a manner not contemplated by this authorization, then please contact us. You authorize us to vary the amount of any preauthorized payment by remotely created check as needed to repay installments and any other payments due under this Agreement.

**PAYMENT BY CHECK OR MONEY ORDER:** You may pay each payment owing under this Agreement by check or money order.

**CHECK CONVERSION NOTIFICATION:** When you provide a check as payment, you agree we can either use information from your check to make a one-time electronic withdrawal from your Bank Account or to process the payment as a check transaction. When we use information from your check to make a withdrawal from your Bank Account, funds may be withdrawn from your Bank Account as soon as the same day we receive your payment and you will not receive your check back from your financial institution. For questions, please call our customer service phone number: (866) 420-7157.

**PAYMENT APPLICATION:** Lender will apply your payments in the following order: (1) to any fees due, (2) to earned but unpaid interest, and (3) to principal amounts outstanding.

**SECURITY INTEREST DISCLOSURE:** To the extent that your agreement to have us withdraw money from your Bank Account is deemed a security interest under the law of the Chippewa Cree Tribe, you hereby grant to us a security interest in such withdrawal authorization using the ACH system.

**PREPAYMENT:** You may prepay all or part of the amount you owe us at any time without penalty. If you do so, you must pay the interest accrued on your Loan and all other amounts due up to the date of your payment.

**REFINANCE POLICY:** We, in our sole discretion, will determine whether your Loan may be refinanced.

**RETURNED PAYMENT FEE:** If any payment made by you on this Loan is not honored or cannot be processed for any reason, including not enough money in your Bank Account, you agree to pay us a fee of $30.00. You authorize us and our agents to make a one-time withdrawal from your Bank Account to collect this fee, if you have also selected the ACH Debit Authorization. Your financial institution may also impose a fee.

**DEFAULT:** You will have broken your promise you made to us in this Agreement (each a "Default") if: (a) you provide false or misleading information about yourself, your employment, or your financial condition prior to entering into this Agreement, (b) if you fail to make a payment by the due date or if your payment is returned to us for any reason, or (c) if you file bankruptcy or become a debtor under the Federal Bankruptcy Laws.

**CONSEQUENCES OF DEFAULT:** Should you not do the things you agreed to under this Agreement, we may, at our option, do any one or more of the following things: (a) require you to immediately pay us everything you owe us; (b) withdraw money from your Bank Account that was not available when we tried to withdraw it at an earlier time, if you have selected the ACH Debit Authorization; and (c) pursue all legally available means to collect what you owe us. In the event we declare all amounts owed under this Agreement immediately due because you did not pay us, then you further authorize us and our agents to withdraw money from your Bank Account in the full amount due under this Agreement, if you have selected the ACH Debit Authorization. By choosing any one of more of these, we do not give up our right to use another way to collect the money you owe us later. We may decide not to use any of the ways described above to get back the money that you owe us. If so, we do not give up our right to consider what you said you would do to make payment(s) and, if you fail to make those payment(s), we will consider you to be in Default.

000004

**CREDIT REPORTING:** We may report information about your Loan to credit bureaus. Late payments, missed payments, or other things you do may be reflected on your credit report.

**RIGHT TO CANCEL:** YOU MAY CANCEL THIS LOAN, WITHOUT COST TO YOU OR FURTHER OBLIGATION TO US, BY TELEPHONING TOLL-FREE 866-420-7157 BY 5:30 P.M. EASTERN TIME ON THE FIRST BANKING DAY AFTER THE EFFECTIVE DATE. YOU CAN CANCEL ONLY IF YOU SEND US BACK THE MONEY FROM THE LOAN WE PUT IN YOUR BANK ACCOUNT, RETURN THE LOAN PROCEEDS CHECK MAILED TO YOU OR WE ARE ABLE TO WITHDRAW THE AMOUNT OF YOUR LOAN FROM YOUR BANK ACCOUNT.

**BORROWER'S BANK CHARGES:** You will not hold us or our agents responsible for any fees you must pay as a result of any check or withdrawal request being presented at your bank in connection with this Agreement.

**TRANSFER OF RIGHTS AND MAINTENANCE OF REGISTER:** We may assign or transfer this Agreement, or any of our rights hereunder, to another person or entity without notice or consent from you. Regardless of any transfer, this Agreement shall remain exclusively subject to the laws and courts of the Chippewa-Cree Tribe. Plain Green, LLC, (the "Registrar") acting solely for this purpose as your irrevocably appointed agent, shall maintain at an office located in the United States a copy of each assignment of this Agreement delivered to it and a register (the "Register") for the recordation of the names and addresses of the original owner and assignees, and the amounts of principal and interest owing to each from time to time pursuant to the terms of this Loan. The Register may be in electronic form. The entries of the Register shall be conclusive, and you, the Registrar, the Lender and all of its assignees shall treat each person whose name is recorded in the Register pursuant to these terms as the owner of such principal and interest payments for all purposes of this Agreement, notwithstanding notice to the contrary. The name of the owner in the Register shall be available to you by written request to the Registrar at any reasonable time and from time to time upon reasonable prior notice. In addition to the foregoing, the Registrar shall include on the Register the names and addresses of those persons holding participation interests in the Loan of which it has notice. Any fees and expenses of the Registrar for its services shall be charged to the registered owner of the loan and not to you.

## WAIVER OF JURY TRIAL AND ARBITRATION.

**RIGHT TO OPT OUT.** IF YOU DO NOT WISH YOUR ACCOUNT TO BE SUBJECT TO THIS AGREEMENT TO ARBITRATE, YOU MUST ADVISE US IN WRITING AT 93 MACK ROAD, SUITE 600, PO BOX 270, BOX ELDER, MT 59521 OR VIA E-MAIL AT SUPPORT@PLAINGREENLOANS.COM. YOU MUST CLEARLY PRINT OR TYPE YOUR NAME AND ACCOUNT NUMBER OR SOCIAL SECURITY NUMBER AND STATE THAT YOU REJECT ARBITRATION. YOU MUST GIVE WRITTEN NOTICE; IT IS NOT SUFFICIENT TO TELEPHONE US. WE MUST RECEIVE YOUR LETTER OR E-MAIL WITHIN SIXTY (60) DAYS AFTER THE DATE YOUR LOAN FUNDS OR YOUR REJECTION OF ARBITRATION WILL NOT BE EFFECTIVE. IN THE EVENT YOU OPT OUT OF THIS AGREEMENT TO ARBITRATE, ANY DISPUTES HEREUNDER SHALL NONETHELESS BE GOVERNED UNDER THE LAWS OF THE CHIPPEWA CREE TRIBE AND MUST BE BROUGHT WITHIN THE COURT SYSTEM THEREOF.

**PLEASE READ THIS PROVISION OF THE AGREEMENT CAREFULLY.** Unless you exercise your right to opt-out of arbitration in the manner described above, any dispute you have with Lender or anyone else under this Agreement will be resolved by binding arbitration. Arbitration replaces the right to go to court, including the right to have a jury, to engage in discovery (except as may be provided in the arbitration rules), and to participate in a class action or similar proceeding. In arbitration, a dispute is resolved by an arbitrator instead of a judge or jury. Arbitration procedures are simpler and more limited than court procedures. Any arbitration will be limited to addressing your dispute individually and will not be part of a class-wide or consolidated arbitration proceeding.

**Agreement to Arbitrate.** You agree that any Dispute (defined below) will be resolved by arbitration in accordance with Chippewa Cree tribal law.

**Arbitration Defined.** Arbitration is a means of having an independent third party resolve a Dispute. A "Dispute" is

000005

any controversy or claim between you and Lender, its marketing agent, collection agent, any subsequent holder of this Note, or any of their respective agents, affiliates, assigns, employees, officers, managers, members or shareholders (each considered a "Holder" for purposes of this Agreement). The term Dispute is to be given its broadest possible meaning and includes, without limitation, all claims or demands (whether past, present, or future, including events that occurred prior to the opening of this Account), based on any legal or equitable theory (tort, contract, or otherwise), and regardless of the type of relief sought (i.e. money, injunctive relief, or declaratory relief). A Dispute includes, by way of example and without limitation, any claim arising from, related to or based upon marketing or solicitations to obtain the loan and the handling or servicing of your account whether such Dispute is based on a tribal, federal or state constitution, statute, ordinance, regulation, or common law, and including any issue concerning the validity, enforceability, or scope of this loan or the Agreement to Arbitrate.

You acknowledge and agree that by entering into this Arbitration Provision:

**(a) YOU ARE GIVING UP YOUR RIGHT TO HAVE A TRIAL BY JURY TO RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES;**

**(b) YOU ARE GIVING UP YOUR RIGHT TO HAVE A COURT RESOLVE ANY DISPUTE ALLEGED AGAINST US OR RELATED THIRD PARTIES; and**

**(c) YOU ARE GIVING UP YOUR RIGHT TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, OR IN ANY OTHER REPRESENTATIVE CAPACITY, AND/OR TO PARTICIPATE AS A MEMBER OF A CLASS OF CLAIMANTS, IN ANY LAWSUIT FILED AGAINST US AND/OR RELATED THIRD PARTIES.**

**Choice of Arbitrator.** Any party to a Dispute, including a Holder or its related third parties, may send the other party written notice by certified mail return receipt requested at the address appearing at the top of this Agreement of their intent to arbitrate and setting forth the subject of the dispute along with the relief requested, even if a lawsuit has been filed. Regardless of who demands arbitration, you shall have the right to select any of the following arbitration organizations to administer the arbitration: the American Arbitration Association (1-800-778-7879) http://www.adr.org; JAMS (1-800-352-5267) http://www.jamsadr.com; or an arbitration organization agreed upon by you and the other parties to the Dispute. The arbitration will be governed by the chosen arbitration organization's rules and procedures applicable to consumer disputes, to the extent that those rules and procedures do not contradict either the law of the Chippewa Cree Tribe or the express terms of this Agreement to Arbitrate, including the limitations on the Arbitrator below. The party receiving notice of Arbitration will respond in writing by certified mail return receipt requested within twenty (20) days. You understand that if you demand Arbitration, you must inform us of your demand and of the arbitration organization you have selected. You also understand that if you fail to notify us, then we have the right to select the arbitration organization. Any arbitration under this Agreement may be conducted either on tribal land or within thirty miles of your residence, at your choice, provided that this accommodation for you shall not be construed in any way (a) as a relinquishment or waiver of the Chippewa Cree's Tribes sovereign status or immunity, or (b) to allow for the application of any law other than the law of the Chippewa Cree Tribe.

**Cost of Arbitration.** We will pay the filing fee and any costs or fees charged by the arbitrator regardless of which party initiates the arbitration. Except where otherwise provided by the law of the Chippewa Cree Tribe, each party will be responsible for its own attorneys' fees and other expenses. Unless prohibited by law, the arbitrator may award fees, costs, and reasonable attorneys' fees to the party who substantially prevails in the arbitration.

**Waiver of Jury Trial and Waiver of Ability to Participate in a Class Action.** YOU HEREBY AGREE THAT YOU ARE WAIVING YOUR RIGHT TO A JURY TRIAL, TO HAVE A COURT DECIDE YOUR DISPUTE, AND YOU ARE WAIVING YOUR ABILITY TO SERVE AS A REPRESENTATIVE, AS A PRIVATE ATTORNEY GENERAL, TO PARTICIPATE IN A CLASS ACTION LAWSUIT, OR IN ANY OTHER REPRESENTATIVE CAPACITY FOR OTHERS IN THE ARBITRATION, AND TO CERTAIN DISCOVERY AND OTHER PROCEDURES THAT WOULD BE AVAILABLE IN A LAWSUIT. The arbitrator has the ability to award all remedies available under the Chippewa Cree Tribe's tribal law, whether at law or in equity, to the prevailing party, except that the parties agree that the arbitrator has no authority to conduct class-wide proceedings and will be

restricted to resolving the individual Disputes between the parties. The validity, effect, and enforceability of this waiver of class action lawsuit and class-wide arbitration is to be determined solely by a court of competent jurisdiction located within the Chippewa Cree Tribe, and not by the arbitrator. If the court refuses to enforce the class-wide arbitration waiver, or if the arbitrator fails or refuses to enforce the waiver of class-wide arbitration, the parties agree that the Dispute will proceed in tribal court and will be decided by a tribal court judge, sitting without a jury, under applicable court rules and procedures and may be enforced by such court through any measures or reciprocity provisions available.

**Applicable Law and Judicial Review.** THIS AGREEMENT TO ARBITRATE IS MADE PURSUANT TO A TRANSACTION INVOLVING THE INDIAN COMMERCE CLAUSE OF THE CONSTITUTION OF THE UNITED STATES OF AMERICA, AND SHALL BE GOVERNED BY THE LAW OF THE CHIPPEWA CREE TRIBE. The arbitrator will apply the laws of the Chippewa Cree Tribe and the terms of this Agreement, including the Agreement to Arbitrate. The arbitrator must apply the terms of this Agreement to Arbitrate, including without limitation the waiver of class-wide arbitration. The arbitrator may decide, with or without a hearing, any motion that is substantially similar to a motion to dismiss for failure to state a claim or a motion for summary judgment. If allowed by statute or applicable law, the arbitrator may award statutory damages and/or reasonable attorneys' fees and expenses. The arbitrator will make written findings and the arbitrator's award may be filed with the tribal court. The arbitration award will be supported by substantial evidence and must be consistent with this Agreement and applicable law or may be set aside by the tribal court upon judicial review.

**Other Provisions.** This Agreement to Arbitrate will survive: (i) termination or changes in this Agreement, the Account, or the relationship between us concerning the Account; (ii) the bankruptcy of any party; and (iii) any transfer, sale or assignment of my Note, or any amounts owed on my account, to any other person or entity. This Agreement to Arbitrate benefits and is binding upon you, your respective heirs, successors and assigns. It also benefits and is binding upon us, our successors and assigns, and related third parties. The Agreement to Arbitrate continues in full force and effect, even if your obligations have been paid or discharged through bankruptcy. The Agreement to Arbitrate survives any termination, amendment, expiration, or performance of any transaction between you and us and continues in full force and effect unless you and we otherwise agree in writing. If any of this Agreement to Arbitrate is held invalid, the remainder shall remain in effect.

**GOVERNING LAW.** This Agreement and the Agreement to Arbitrate are governed by the Indian Commerce Clause of the Constitution of the United States of America and the laws of the Chippewa Cree Tribe. We do not have a presence in Montana or any other state of the United States of America. Neither this Agreement nor the Lender is subject to the laws of any state of the United States.

**TELEPHONE CALLS.** You hereby agree that in the event we need to contact you to discuss your account or the repayment of your Loan, we may call you at any number, including any cell phone number you have provided, and that we may leave an autodialed or prerecorded message or use other technology (including, but not limited to, SMS messaging or other text messaging) to contact or to communicate with you.

**VERIFICATION.** You authorize us to verify all of the information you have provided in obtaining approval of this Loan.

**This Agreement includes a Waiver of Jury Trial and Arbitration Provision that may be enforced by you and us.** By signing this Agreement you agree that it was filled in before you did so and that you have received a completed copy of it. **You further agree that you have read and understand all of the terms of this Agreement, including the part entitled "Waiver of Jury Trial and Arbitration Provision."**

*By electronically signing this Agreement* you certify that the information given in connection with this Agreement is true and correct. You authorize us to verify the information given in connection with this Agreement, and you give us consent to obtain information about you from a consumer reporting agency or other sources. *You acknowledge, represent and warrant that (a) you have read, understand, and agree to all of the terms and conditions of this Agreement, including the Disclosures and the Arbitration Agreement and Waiver of Jury Trial, (b) this Agreement contains all of the terms of the agreement between you and us and that no representations or promises other than*

000007

*those contained in this Agreement have been made, (c) you specifically authorize withdrawals and deposits to and from your Bank Account as described in this Agreement, if you have selected the ACH Debit Authorization, (d) you are not a debtor under any proceeding in Bankruptcy and have no intention to file a petition for relief under any chapter of the United States Bankruptcy Code, (e) this Agreement was filled in before you signed it, and (f) you have the ability to print or retain a completed copy of this Agreement. You further acknowledge that we may withhold funding of your Loan until we check to make sure all the information you gave us on your application is true and we decide whether you meet our requirements to receive the Loan.*

By checking here you authorize us to verify all of the information that you have provided, including past and/or current information. **You certify that you have made or will make all payments on any previous loans with Lender, and you agree that Lender may cancel this loan if any payment on your previous loans is not made or is returned unpaid.** You agree that we may obtain information about you and your Bank Account from your Bank and/or consumer reporting agencies until all amounts owing pursuant to this Agreement are paid in full. If there is any missing or erroneous information in or with your loan application regarding your bank, bank routing number, or account number, then you authorize us to verify and correct such information.

**Please review and select one of these funding options:**

**ELECTRONIC (as soon as the next business day):** By checking here you authorize us to effect ACH debit and credit entries for this Loan and you agree to the ACH Authorization set forth in this Agreement. You acknowledge and agree that the ACH Authorization inures to the benefit of Plain Green, LLC, its affiliates, agents, representatives, employees, successors, and registered assigns. You agree that the ACH Authorization is subject to our approving this Agreement. If you agree to the ACH Authorization in this Agreement and authorize debit and credit entries for this Loan, you also agree that the ACH Authorization set forth in this Agreement is to remain in full force and effect for this Loan until your indebtedness to us for the unpaid principal balance of this Loan, plus accrued interest (including interest owing on past due amounts) and fees, is fully satisfied. If you revoke your ACH Authorization, you agree to provide us with another means of payment acceptable to us in our sole discretion. Check this box if you agree to the ACH Authorization in this Agreement.

**POSTAL MAIL (up to 7 to 10 days):** By checking here, you request Loan proceeds be distributed to you by check and delivered by regular mail through the United States Postal System. If you elect to receive your proceeds by mail, you must also make your payments via money order or certified check by mail as explained in the "Payments" section above. You should allow 7 to 10 days for delivery of the Loan proceeds, and you acknowledge that your Loan proceeds check may not be mailed to you until your "Right of Rescission" (as described above) has expired. You acknowledge that interest begins accruing on the Effective Date set forth at the top of this Agreement. If you have elected to receive your Loan proceeds by check, the ACH Authorization set forth above does not apply to the funding or repayment of your Loan.

**Plain Green, LLC**

Date:
10/1/2012

By: Billi Anne Raining Bird-Morsette, CEO

| **Your Full Name:** | **Type 'I Agree':** | **Date:** |
|---|---|---|
| *Lawrence Mwethuku* | *I agree* | **10/1/2012** |

000008