IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE GIBBS, *et al.*,

    Plaintiffs,

v.                                              Civil Action No. 3:17cv495

PLAIN GREEN, LLC, *et al.*,

    Defendants.

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Great Plains Lending, LLC's ("Great Plains") Notice of Appeal ("Great Plains's Appeal"), (ECF No. 75), and Defendant Plain Green, LLC's ("Plain Green") Notice of Appeal ("Plain Green's Appeal"), (ECF No. 76).[1] The Court ordered briefing on whether the action is stayed pending the Appeals, (ECF No. 80), and on whether Defendants properly invoked 9 U.S.C. § 16 as the basis for their Appeals, (ECF No. 84). Plaintiffs,[2] Great Plains, and Plain Green each filed their respective briefs. (ECF Nos. 81, 82, 83, 85, 86, 87.)

Accordingly, the matters are ripe for disposition. The Court dispenses with oral argument because the materials before it adequately present the facts and legal contentions, and argument would not aid the decisional process. The Plaintiffs allege diversity jurisdiction

---

[1] For ease of reference, the Court refers to Great Plains and Plain Green collectively as "Defendants." The Court also refers collectively to Great Plains's Appeal and Plain Green's Appeal as the "Appeals."

[2] The Complaint names five plaintiffs, suing on behalf of themselves and others similarly situated: Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, and Lawrence Mwethuku. (Compl. 1, ECF No. 1.)

pursuant to 28 U.S.C. § 1332 and supplemental jurisdiction under 28 U.S.C. § 1367. For the reasons that follow, the Court must certify the Appeals as frivolous.

## I. Procedural and Factual Background

The Court offers only a brief recitation of the factual and procedural background and assumes familiarity with its July 27, 2018 Memorandum Opinion, (ECF No. 74).

### A. Summary of Allegations in the Complaint

Defendants operate internet lending websites offering short-term loans to consumers. Plaintiffs allege that Defendants offered loans to Plaintiffs in amounts ranging from $300 to $3,000, charging interest rates ranging from 118% to 448%. Plaintiffs bring this suit on behalf of themselves and all individuals similarly situated, alleging that Defendants' lending enterprises violate state and federal lending laws.

Specifically, Plaintiffs allege that Defendants structured their businesses to benefit from the protections of tribal sovereign immunity even though they do not constitute tribal entities. Defendants did so, Plaintiffs contend, in order to evade state and federal lending laws. Plaintiffs contend that Defendants' fraudulent posture as tribal entities eradicates any potential claim to the protection of tribal sovereign immunity.

### B. Procedural Background

Plaintiffs filed a five-count putative class action Complaint against Defendants alleging various state and federal violations, including two civil Racketeer Influenced and Corrupt Organizations Act ("RICO") claims, associated with an illegally usurious loan enterprise.

Plain Green filed a Motion to Dismiss without Leave to Amend or, in the Alternative, to Compel Arbitration ("Plain Green's Motion to Compel Arbitration"). (ECF No. 26.) Great Plains filed three separate motions: (1) a Motion to Dismiss for Lack of Jurisdiction, (ECF

No. 28); (2) a Motion to Compel Arbitration ("Great Plains's Motion to Compel Arbitration"), (ECF No. 30); and (3) a Motion to Transfer Case, (ECF No. 32).[3] Defendants each moved to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), claiming sovereign immunity.[4] (ECF Nos. 26, 28).

Plaintiffs filed a Motion to Permit Jurisdictional Discovery (the "Motion for Discovery"), seeking limited jurisdictional discovery on the issue of Defendants' claim of sovereign immunity. (ECF No. 34.) Defendants each opposed the Motion for Discovery. (ECF Nos. 43, 45.)

On July 25, 2018, the Court granted Plaintiffs' Motion for Discovery and dismissed without prejudice Defendants' Motions to Dismiss based on sovereign immunity and Defendants' Motions to Compel Arbitration.[5] (ECF No. 73.) The Court concluded that it could not establish jurisdiction on the record before it and found that "Plaintiffs' specific and substantive allegations against Defendants justify jurisdictional discovery to determine whether Defendants share in the Tribes' sovereign immunity." (July 27, 2018 Mem. Op. 19.) The Court dismissed Defendants' Motions to Dismiss based on sovereign immunity because the jurisdictional discovery would affect parties' briefing on that issue. Because a finding that Defendants had tribal sovereign immunity would deprive the Court of jurisdiction to compel

---

[3] For ease of reference, the Court refers to Plain Green's Motion to Compel Arbitration and Great Plains's Motion to Compel Arbitration collectively as the "Motions to Compel Arbitration."

[4] For ease of reference, the Court refers to these as the "Motions to Dismiss based on sovereign immunity."

[5] The July 25, 2018 Order also resolved other motions not presently at issue.

3

arbitration, the Court also denied the Motions to Compel Arbitration for procedural reasons, stating that "the jurisdictional discovery will likely affect the parties' briefings." (*Id.*)

On August 3, 2018, Great Plains filed Great Plains's Appeal. (ECF No. 75.) On August 6, 2018, Plain Green filed Plain Green's Appeal. (ECF No. 76.) The Appeals invoked 9 U.S.C. § 16(a)(1)(B)[6] as a basis for interlocutory appeal. Defendants contended that the Appeals automatically stayed the action pending resolution by the United States Court of Appeals for the Fourth Circuit. (Great Plains's Appeal 1; Plain Green's Appeal 1.)

On August 17, 2018, the Court ordered briefing "on the effect, if any, of the Notices of Appeal on the case and the August 30, 2018 deadline." (ECF No. 80). All parties submitted briefing. (ECF Nos. 81, 82, 83.) On August 24, 2018, the Court ordered additional briefing on the applicability of 9 U.S.C. § 16(a)(1)(B) to the current proceeding. (ECF No. 84.) All parties briefed the issue. (ECF Nos. 85, 86, 87.)

## II. Analysis

### A. Legal Standard: Appeals Pursuant to 9 U.S.C. § 16

The Supreme Court of the United States has stated that "Congress enacted the [Federal Arbitration Act (the "FAA")] to overcome judicial resistance to arbitration and to declare a national policy favoring arbitration of claims that parties contract to settle in that matter." *Vaden v. Discover Bank*, 556 U.S. 49, 58 (2009) (internal citations omitted).

Pursuant to 9 U.S.C. § 16, "[a]n appeal may be taken from . . . an order . . . denying a petition under [§] 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). Section 4 states, in relevant part:

---

[6] The provision states: "An appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B).

4

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, save for such agreement, would have jurisdiction under title 28, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4.

A dismissal without prejudice grants appellate jurisdiction under 9 U.S.C. § 16(a)(1)(B). *Chorley Enters., Inc. v. Dickey's Barbecue Restaurants, Inc.*, 807 F.3d 553, 562 (4th Cir. 2015). "Congress created appellate jurisdiction over non-final orders denying motions to compel arbitration 'to effectuate a strong policy favoring arbitration.'" *Id.* (citing *Rota-McLarty v. Santander Consumer USA, Inc.*, 700 F.3d 690, 696 (4th Cir. 2012)).

Generally, an appeal pursuant to 9 U.S.C. § 16(a)(1)(B) "automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action, unless the district court certifies the appeal as frivolous or forfeited." *Levin v. Alms & Assocs., Inc.*, 634 F.3d 260, 266 (4th Cir. 2011). The district court may do so to "frustrate any litigant's attempt to exploit the categorical divestiture rule" when a party improperly or frivolously invokes § 16. *Id.* at 265 (citing *McCauley v. Halliburton Energy Services, Inc.*, 413 F.3d 1153, 1162 (10th Cir. 2005)).

Although *Levin* did not articulate a precise standard to meet the "frivolous" requirement under § 16 of the FAA, the Court finds the term's common application instructive. "[A]n appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (citing *Anders v. California*, 386 U.S. 738 (1967) (brackets in original)). Under the Federal Rules of Appellate Procedure, many circuits have held that "[a]n appeal is frivolous when the result is obvious, or the arguments are 'wholly without merit.'" *Natasha, Inc. v. Evita Marine Charters, Inc.*, 763 F.2d 468, 472 (1st Cir. 1985) (citing

5

*NLRB v. Catalina Yachts*, 679 F.2d 180, 182 (9th Cir. 1982)); *see also, Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007) (same); *N.L.R.B. v. Unbelievable, Inc.*, 71 F.3d 1434, 1441 (9th Cir. 1995) (same); *Braley v. Campbell*, 832 F.2d 1504, 1510 (10th Cir. 1987) (same).

### B. Fundamental Principles of Statutory Interpretation

The analysis of a statute must "begin, as always, with the language of the statutory text," and "[i]n the absence of a definition from Congress, [the Court] accord[s] words in a statute their ordinary, contemporary, common meaning." *United States v. Midgett*, 198 F.3d 143, 145–46 (4th Cir. 1999) (internal citation and quotation marks omitted); *see also Pioneer Inv. Servs. Co. v. Brunswick Assoc. Ltd. P'ship*, 507 U.S. 380, 388 (1993). When "the terms of a statute are unambiguous on their face, or in light of ordinary principles of statutory interpretation," judicial inquiry normally ends. *United States v. Morison*, 844 F.2d 1057, 1064 (4th Cir. 1988). But if the "terms of a statutory provision are ambiguous [the Court may] consider other evidence to interpret the meaning of the provision, including the legislative history and the provision's heading or title." *United States v. Hatcher*, 560 F.3d 222, 226 (4th Cir. 2009) (citing *Ratzlaf v. United States*, 510 U.S. 135, 147–48 (1994); *Bhd. of R.R. Trainmen v. Balt. & Ohio R.R. Co.*, 331 U.S. 519, 528–29 (1947)). A court is "not at liberty to rewrite [a] statute to reflect a meaning [it] deem[s] more desirable. Instead, [courts] must give effect to the text Congress enacted." *Ali v. Fed. Bureau of Prisons*, 522 U.S. 214, 228 (2008).

### C. Because Defendants Cannot Invoke 9 U.S.C. 16(a)(1)(B), the Court Deems the Appeals Frivolous

Defendants have invoked 9 U.S.C. § 16(a)(1)(B) to appeal the Court's denial without prejudice of their Motions to Compel Arbitration. The ability to invoke this provision relies on 9 U.S.C. § 4. *See* 9 U.S.C. § 16(a)(1)(B). Section 4 allows a party to petition a district court to compel arbitration, pursuant to a written arbitration agreement, when the district court, "save for

such agreement, would have jurisdiction under title 28." 9 U.S.C. § 4. At the same time it denied the Motions to Compel Arbitration, the Court denied the Motions to Dismiss based on sovereign immunity because it could not determine whether it had jurisdiction. Until the Court resolves this threshold jurisdictional issue, Defendants cannot invoke § 16. Their arguments to the contrary "are wholly without merit." *Natasha*, 763 F.2d at 472. Because § 16 does not apply, "none of the legal points are arguable on their merits." *Neitzke*, 490 U.S. at 325 (alterations and citations omitted). The inapplicability of § 16 requires this Court to deem Defendants' Appeals frivolous.

### 1. The Plain Language of § 16 and § 4 Precludes the Appeals

Pursuant to the FAA, "[a]n appeal may be taken from . . . an order . . . denying a petition under section 4 of this title to order arbitration to proceed." 9 U.S.C. § 16(a)(1)(B). Section 4 reads, in relevant part:

> A party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court which, *save for such agreement, would have jurisdiction under title 28*, in a civil action or in admiralty of the subject matter of a suit arising out of the controversy between the parties, for an order directing that such arbitration proceed in the manner provided for in such agreement.

9 U.S.C. § 4 (emphasis added).

The plain language of the FAA comports with the well-established principle that a district court lacks any authority to preside over a controversy between parties when it does not have subject matter jurisdiction over said controversy. A district court cannot compel arbitration if, absent the agreement, the court would lack subject matter jurisdiction over the underlying controversy. *See* 9 U.S.C. § 4. The Court cannot take action on the merits on any pending motions if it lacks subject matter jurisdiction, as Plain Green acknowledged. (Plain Green's Mem. Supp. Mot. Compel Arb. 7, ECF No. 27 ("Tribal sovereign immunity is a threshold

7

jurisdictional question that must be addressed before the merits.").) Both Defendants have vigorously argued that sovereign immunity strips this Court of jurisdiction and bars this case. The Court can neither grant nor deny a motion to compel arbitration on the merits. It can only deny a motion to compel arbitration based on a lack of jurisdiction.

The July 27, 2018 Memorandum Opinion plainly articulated the procedural posture of this case. The Court could not determine, on the record before it, whether it had subject matter jurisdiction over the controversy between Plaintiffs and Defendants. The Court ordered limited jurisdictional discovery to resolve this preliminary issue and dismissed pending motions without prejudice to allow parties the fair opportunity to file and, if applicable, re-file appropriate motions after the completion of the limited jurisdictional discovery. The Court did not analyze the other motions on the merits, finding it premature to do so until the Court resolved the jurisdictional issue.

Because the Court did not invoke its subject matter jurisdiction, it could not have "den[ied] a petition under [§] 4" to bring this appeal within the scope of 9 U.S.C. § 16(a)(1)(B).[7]

---

[7] To the extent Defendants moved the Court to compel arbitration under § 4, the motions were improperly invoked given Defendants' contention that sovereign immunity strips this Court of jurisdiction and disallows any suit against them in this Court. For example, Great Plains's Motion to Compel Arbitration asserted that "this Court lacks subject matter jurisdiction to consider Plaintiffs' claims because it is an arm of the Tribe and thus immune from unconsented suit." (Great Plains's Mem. Supp. Mot. Compel Arb. 1, ECF No. 31.) Plain Green's Motion to Compel Arbitration contended that "[t]ribal sovereign immunity is a threshold jurisdictional question that must be addressed before the merits." (Plain Green's Mem. Supp. Mot. Compel Arb. 7.) But Defendants cannot invoke § 4 unless the Court would, "save for [the arbitration] agreement," have jurisdiction over the suit. Because Defendants claim the Court lacks such jurisdiction, they improperly invoked § 4 to compel arbitration.

Even when afforded an additional opportunity to address whether § 4 could apply to their Appeals, Defendants failed to cite any legal authority that would have justified their § 4 petitions upon filing, or their § 16 appeals now. Generally, an appeal pursuant to 9 U.S.C. § 16(a)(1)(B) "automatically divests the district court of jurisdiction over the underlying claims and requires a stay of the action" until the Circuit court resolves the appeal. *Levin*, 634 F.3d at 266. A district court has the authority to certify a § 16 appeal as frivolous to prevent a stay of the action. *Id.*

8

The Court dismissed various substantive motions, including the Motions to Compel Arbitration, on procedural grounds: "[b]ecause the jurisdictional discovery will likely affect the parties' briefings." (July 27, 2018 Mem. Op. 19.) Put more plainly: after appropriate discovery, the parties will brief whether the Court has jurisdiction. The Court did not reach the merits of the Motions to Compel Arbitration, nor could it, without evaluating sovereign immunity first. Defendants' reliance on case law which they suggest allows the Court to reach the arbitration issue before assessing jurisdiction does not persuade.[8] The cases they cite are inapposite. The Court finds § 16 inapplicable under these circumstances.

---

This exception to the general divestiture rule ensures a litigant cannot "exploit the categorical divestiture rule," (which requires a stay of the action pending appeal) by filing a frivolous § 16 appeal that improperly delays a case from proceeding. *Levin*, 634 F.3d at 265 (citing *McCauley*, 413 F.3d at 1162).

[8] Plain Green asserts that case law allows the Court to compel arbitration before resolving the issue of sovereign immunity. Plain Green cites *Gaming World Intern v. White Earth Band Chippewa Indians*, 317 F.3d 840 (8th Cir. 2003), for the proposition that the "court had subject matter jurisdiction to determine whether to enforce arbitration agreement where the dispute involved questions of federal law despite defendant tribe's assertion of immunity." (Plain Green Br. 4, ECF No. 85.)

This misapprehends *Gaming World*, in which the court stated that it "must first determine whether there is jurisdiction over this matter." 317 F.3d at 847. The *Gaming World* court found it had jurisdiction because the tribe had expressly waived sovereign immunity for the purpose of the business contract dispute before the court. 317 F.3d at 843 (The arbitration clause "also included a limited waiver of the [tribe's] sovereign immunity so that Gaming World could seek to enforce the contract."). The Court in *Gaming World* did not, as Plain Green suggests, compel arbitration despite unresolved questions of sovereign immunity.

Likewise, the court in *Elem Indian Colony of Pomo Indians v. Pac. Dev. Partners C, LLC*, No. C 09-01044, 2009 WL 10692978 (N.D. Cal. June 23, 2001), did not, as Plain Green argues, "reject[] [the] tribe's argument that the court must address immunity before compelling arbitration." (Plain Green Br. 4.) In contrast to the loan installment contracts at issue here, *Elem Indian* also involved a contract with a business entity. And as in *Gaming World*, the court in *Elem Indian* found that it had jurisdiction over the issues because the tribe expressly waived sovereign immunity in the relevant arbitration agreement. 2009 WL 10692978 at *3.

In contrast to those cases, neither Plain Green nor Great Plains waives or abrogates their sovereign immunity in the loan agreements before the Court. The Plain Green Loan Agreement states: "Both the tribe and Plain Green are immune from suit in any court unless the tribe, through its Tribal Business Committee, expressly waives that immunity." (Plain Green Loan

9

## 2. The Look-Through Analysis Compels the Court to Consider the Whole Controversy

Plain Green's assertion that Supreme Court precedent supports its position also cannot prevail. The Supreme Court has stated that a federal court "may look through a § 4 petition and order arbitration if, save for the arbitration agreement, the court would have jurisdiction over the substantive controversy between the parties." *Vaden*, 556 U.S. at 54 (internal quotations marks and brackets omitted). The "look through" analysis allows a court to ask "whether the *whole controversy* between the parties—not just a piece broken off from that controversy—is one over which the federal courts would have jurisdiction." *Id.* at 67 (emphasis added).

Plain Green's argument turns the holding in *Vaden* on its head. Plain Green cites *Vaden* for the proposition that the Court may only consider the Complaint to determine its jurisdiction over the controversy when considering a § 4 petition. However, in *Vaden*, the plaintiffs brought only state claims against the defendants in state court. *Vaden*, 556 U.S. at 53. The defendants brought counter-claims under state law and the plaintiffs then moved in the district court to compel arbitration pursuant to an arbitration agreement between the parties. *Id.* The plaintiff claimed the district court had subject matter jurisdiction over the § 4 petition because federal law preempted the defendant's counterclaims. *Id.* The district court found jurisdiction over the petition and the Fourth Circuit affirmed. *Id.*

The Supreme Court reversed because "[u]nder the well-pleaded complaint rule, a completely preempted counterclaim remains a counterclaim and thus does not provide a key

---

Agreement 1, ECF No. 1-2.) The Great Plains Loan Agreement similarly states: "Both the Lender and the tribe are immune from suit in any court unless the Tribe, through its Tribal Council, expressly waives that immunity through a formal, written resolution of the tribe's Tribal Council." (Great Plains Loan Agreement 1, ECF No. 1-3.)

The Court must determine its jurisdiction before it can consider any motion to compel arbitration on the merits. Plain Green's attempt to invoke *Gaming World* and *Elem Indian* utterly founders.

capable of opening a federal court's door." *Id.* at 66. The Supreme Court focused on the complaint, rather than the defenses or counterclaims, because "federal jurisdiction cannot be invoked on the basis of a defense or counterclaim." *Id.* at 70.

Plain Green relies on *Vaden* for an inapposite proposition: that a defense or counterclaim cannot strip a district court of jurisdiction. In *Vaden*, the Supreme Court rejected any attempt to "[f]ocus[] on only a slice of the parties' entire controversy." *Id.* at 53. The Supreme Court made clear that "§ 4 does not invite federal courts to dream up counterfactuals when actual litigation has defined the parties' controversy." *Id.* at 68.

But Plain Green asks the Court to do just that. It invites the Court to consider Plaintiffs' Complaint and the procedural posture of the case only at the time of filing, disregarding case developments since. Plain Green attempts to have it both ways. Plain Green argues that the Court lacks subject matter jurisdiction over the controversy as a whole, but somehow retains subject matter jurisdiction for the limited purpose of compelling arbitration under § 4. Such a position runs contrary to *Vaden*'s reasoning, and to common sense.

The Court has not found that it has subject matter jurisdiction over the controversy between parties. Because they were procedurally premature, the Court denied Defendants' Motions to Dismiss based on sovereign immunity and their Motions to Compel Arbitration. Pursuant to the plain language of § 4, the Court could not have denied Defendants' Motions to Compel Arbitration under § 16(a)(1)(B), and did not do so. This renders § 16(a)(1)(B) inapplicable, so the Court must find Defendants' Appeals frivolous.

### III. Conclusion

For the foregoing reasons, the Court will certify Defendants' Appeals as frivolous. Having made such a finding, the Court will order parties to proceed with the Court's July 25,

2018 Order for jurisdictional discovery. However, the Court will extend the deadline for parties to agree upon a plan for limited jurisdictional discovery and submit a proposed order to the Court to September 11, 2018. Other deadlines will similarly be advanced. Jurisdictional discovery shall be completed by October 19, 2018. Defendants shall file an answer or other responsive pleading by close of business October 31, 2018.

An appropriate Order shall issue.

/s/
M. Hannah Lauck
United States District Judge

Date: 8/31/18
Richmond, Virginia