IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

DARLENE GIBBS, *et al.*, *on behalf of themselves and all others similarly situated,*

                      Plaintiffs,

v.                                  Case No: 3:17-cv-00495-MHL

PLAIN GREEN, LLC, *et al.*,

                      Defendants.

---

TAMARA PRICE, *et al.*, *on behalf of themselves and all others similarly situated,*

                        Plaintiffs,

v.                                  Case No: 3-18-cv-711-MHL

MOBILOANS, LLC,

                      Defendant.

---

DARLENE GIBBS, *et al.*, *on behalf of themselves and all others similarly situated,*

                        Plaintiffs,

v.                                  Case No: 3:18-cv-00654-MHL

MARK CURRY, *et al.*,

                      Defendants.

## ORDER GRANTING
## FINAL APPROVAL OF CLASS ACTION SETTLEMENT,
## CERTIFYING SETTLEMENT CLASS, AND ENTERING FINAL JUDGMENT

Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Isabel DeLeon, Tamara Price, Sherry Blackburn, George Hengle, Regina Nolte, Sharon Burney, Chastity McNeil and Lawrence Mwethuku ("Plaintiffs"), individually and on behalf of the preliminarily certified Settlement Class, have submitted to the Court a Motion for Final Approval of the Settlement Agreement and Final Certification of the Settlement Class ("Final Approval Motion").

This Court has reviewed the papers filed in support of the Final Approval Motion, including the Settlement Agreement filed with Plaintiffs' Preliminary Approval Motion, the memoranda and arguments submitted on behalf of the Settlement Class, and all supporting exhibits and declarations thereto, as well as the Court's Preliminary Approval Order. The Court held a Final Fairness Hearing on December 11, 2019, at which time the Parties and other interested persons were given an opportunity to be heard in support of and in opposition to the proposed settlement. Based on the papers filed with the Court and the presentations made at the Final Fairness Hearing, the Court finds that the Settlement Agreement is fair, adequate, and reasonable. Accordingly,

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** as follows:

1. This Final Approval Order incorporates herein and makes a part hereof the Settlement Agreement and the Preliminary Approval Order. Unless otherwise provided herein, the capitalized terms used herein shall have the same meanings and/or definitions given to them

in the Preliminary Approval Order, Settlement Agreement, and Global Settlement,[1] as submitted to the Court with Plaintiffs' Preliminary Approval Motion.

2. This Court has jurisdiction over matters relating to the Settlement, including, without limitation, the administration, interpretation, effectuation and/or enforcement of the Settlement, the Settlement Agreement, or this Final Order and Judgment.[2]

### CERTIFICATION OF THE SETTLEMENT CLASS AND APPOINTMENT OF CLASS COUNSEL AND CLASS REPRESENTATIVES

3. In the Preliminary Approval Order, this Court previously certified, for settlement purposes only, a Settlement Class defined as follows:

> a. The Class includes all persons within the United States to whom Great Plains has lent money; all persons within the United States to whom Plain Green lent money prior to June 1, 2016; and all persons within the United States to whom MobiLoans lent money prior to May 6, 2017.
>
> b. Excluded from the Class are the Judge presiding over this Action and the Court staff, as well as those Class Members who opt out from the Settlement pursuant to the procedures set forth in the Settlement Agreement.

4. Certification of the Settlement Class is hereby reaffirmed as a final Settlement Class pursuant to Fed. R. Civ. P. 23. For the reasons set forth in the Preliminary Approval Order, this Court finds, on the record before it, that the Consolidated Actions, for purposes of this Settlement, may be maintained as a class action on behalf of the Settlement Class.

5. In the Preliminary Approval Order, this Court previously appointed the above-

---

[1] The Settlement Agreement refers to and incorporates a related Global Settlement and Restructuring Term Sheet entered into through a Chapter 11 plan (the "Plan") in the jointly administered cases styled *In re Think Finance, LLC, et al.*, Case No. 17-33964 (the "Chapter 11 Cases"), which are pending in U.S. Bankruptcy Court for the Northern District of Texas.

[2] Although the tribal Defendants (Great Plains, Plain Green, and MobiLoans) contest the Court's subject-matter jurisdiction over the Consolidated Actions, they have consented to jurisdiction in this Court solely "for purposes of enforcing [the] Settlement Agreement." Settlement Agreement ¶ 1.04.

3

identified Plaintiffs Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Isabel DeLeon, Tamara Price, Sherry Blackburn, George Hengle, Regina Nolte, Sharon Burney, Chastity McNeil and Lawrence Mwethuku as Class Representatives and hereby reaffirms that appointment, finding, on the record before it, that the Class Representatives have and continue to adequately represent Settlement Class Members.

6. In the Preliminary Approval Order, this Court previously appointed the law firms of Kelly Guzzo PLC, Consumer Litigation Associates, P.C., and Tycko & Zavareei, LLP as Class Counsel for settlement purposes only and hereby reaffirms that appointment, finding, on the record before it, that Class Counsel have and continue to adequately and fairly represent Settlement Class Members.

## CLASS NOTICE

7. The record shows, and the Court finds, that Class Notice has been given to the Settlement Class in the manner approved by the Court in its Preliminary Approval Order. The Court finds that such Class Notice constitutes: (i) the best notice practicable to the Settlement Class under the circumstances; (ii) notice that was reasonably calculated, under the circumstances, to apprise the Settlement Class of the pendency of these Consolidated Actions and the terms of the Settlement Agreement, their rights to exclude themselves from the Settlement or to object to any part of the Settlement, their rights to appear at the Final Fairness Hearing (either on their own or through counsel hired at their own expense), and the binding effect of the Final Order and the Final Judgment, whether favorable or unfavorable, on all persons who do not exclude themselves from the Settlement Class; (iii) due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) notice that fully satisfies the requirements of the United States Constitution (including the Due Process Clause),

Federal Rules of Civil Procedure 23(c)(2)(B) and 23(e)(1), and any other applicable law.

8. Due and adequate notice of the proceedings having been given to the Settlement Class and a full opportunity having been offered to Settlement Class Members to participate in the Final Fairness Hearing, it is hereby determined that all Settlement Class Members except those who timely opted out, as identified in Exhibit A to this Final Approval Order, are bound by this Final Approval Order and the Final Judgment. No Settlement Class Members, other than those listed in Exhibit A, are excluded from the Settlement Class, from the terms of the Settlement Agreement, or from the effect of this Final Approval Order and Final Judgment.

## FINAL APPROVAL OF THE SETTLEMENT AGREEMENT

9. Pursuant to Fed. R. Civ. P. 23(e), the Court hereby finally approves in all respects the Settlement as set forth in the Settlement Agreement and finds that the Settlement, the Settlement Agreement, the benefits to the Settlement Class Members, and all other parts of the Settlement are, in all respects, fair, reasonable, and adequate, and in the best interest of the Settlement Class, within a range that responsible and experienced attorneys could accept considering all relevant risks and factors and the relative merits of Plaintiffs' claims and any defenses of the Consolidated Defendants, and are in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause, and the Class Action Fairness Act. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement, with each Settlement Class Member bound by the Settlement Agreement, including any releases therein.

10. Specifically, the Court finds that the Settlement is fair, reasonable, and adequate given the following factors, among other things:

    a. The Consolidated Actions were complex and time consuming and would

have continued to be so through summary judgment and/or trial if they had not settled;

  b. Class Counsel had a well-informed appreciation of the strengths and weaknesses of the Consolidated Actions while negotiating the Settlement;

  c. The monetary and non-monetary relief provided for by the Settlement is well within the range of reasonableness in light of the best possible recovery and the risks the Parties would have faced if the case had continued to verdicts as to jurisdiction, liability, and damages;

  d. The Settlement was the result of arm's-length good faith negotiations and exchange of information by experienced counsel;

  e. The reaction of the class to the Settlement has been positive, with only nine (9) consumers timely requesting to opt out and no objections to the Settlement [at the time of filing the motion].

11. Accordingly, the Settlement shall be consummated in accordance with the terms and provisions of the Settlement Agreement.

## PAYMENT OF MONETARY CONSIDERATION AND NON-MONETARY BENEFITS TO THE CLASS

12. The Court approves the Parties' plan to distribute the Monetary Consideration provided for by the Settlement Agreement to Settlement Class Members as set forth in the Settlement Agreement and Global Settlement.

13. The Court also approves the agreements reached with respect to non-monetary relief, as set forth in the Settlement Agreement:

  a. With respect to Great Plains' lending operations, on or before the Effective Date:

      i. Great Plains will cancel (as a disputed debt) all outstanding consumer loans originated by Great Plains that it owned at the time the Settlement Agreement was signed;

      ii. Great Plains will cease collecting, selling, transferring, or assigning its outstanding consumer loans that it owned at the time the Settlement Agreement was signed;

      iii. Great Plains will not sell personal identifying information obtained from its current or former borrowers;

      iv. Great Plains will reasonably assist and cooperate with Class Counsel and Think Finance, LLC in the deletion of any tradelines that may be reported in the name of Great Plains at Consumer Reporting Agencies Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, DataX, Microbilt, ChexSystems, Clarity Services, Corelogic, and FactorTrust; and

      v. Great Plains will wind up its business and dissolve pursuant to the Otoe-Missouria Tribe of Indians Limited Liability Company Act.

    b. With respect to Plain Green's lending operations, on or before the Effective Date:

      i. Plain Green will cancel (as a disputed debt) all outstanding consumer loans originated by Plain Green prior to June 1, 2016, that it owned at the time the Settlement Agreement was signed;

      ii. Plain Green will cease collecting, selling, transferring, or assigning its outstanding consumer loans originated by Plain Green prior to June 1, 2016, that it owned at the time the Settlement Agreement was signed;

      iii. Plain Green will not sell personal identifying information obtained regarding borrowers who were the subject of consumer loans originated by Plain Green prior to June 1, 2016; and

      iv. Plain Green will reasonably assist and cooperate with Class Counsel and Think Finance, LLC in the deletion of any tradelines that may be reported in the name of Plain Green prior to June 1, 2016 at Consumer Reporting Agencies Equifax Information Services, LLC, Experian Information Solutions, Inc., Trans Union, LLC, DataX, Microbilt, ChexSystems, Clarity Services, Corelogic, and FactorTrust.

    c. With respect to MobiLoans's lending operations, "Excluded Entity" and "Specified Consumer Debt" shall have the meaning as defined in Section 4.03 of the Class Action Settlement Agreement and Release. On or before the Effective Date:

    i. MobiLoans will cancel the Specified Consumer Debt;

    ii. MobiLoans will cease collecting, selling, transferring, or assigning the Specified Consumer Debt;

    iii. MobiLoans will not sell personal identifying information obtained in respect of any consumer obligor of the Specified Consumer Debt;

    iv. MobiLoans will reasonably assist and cooperate with Class Counsel and Think Finance, LLC to remove and prevent reporting of derogatory tradelines reported in the name of MobilLoans for Specified Consumer Debt at Consumer Reporting Agencies Experian Information Solutions, Inc., Trans Union, LLC, Microbilt, Clarity Services, and Corelogic; and

    v. MobiLoans will cease the use of any and all services of each Excluded Entity in Arizona, Arkansas, Colorado, Connecticut, Illinois, Indiana, Kentucky, Massachusetts, Minnesota, Montana, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Ohio, South Dakota, and Virginia.

14. The relief provided by the Settlement is significant. All consumers will receive a financial benefit in the form of a cash payment, tradeline deletion or loan cancellation. In addition, the non-monetary relief provided by the Settlement to all Settlement Class Members, regardless of their loan status, is significant. Defendants have also agreed not to sell or transfer any remaining unpaid accounts associated with Class Members from the Class Period, not to sell Class Members' personal identifying information obtained during the Class Period to third parties, including other internet lenders, and to work with Class Counsel and Think Finance, LLC to remove credit reporting regarding the loans, as described above, from the Class Period. These benefits to Class Members have significant value and are not included in the monetary amount payable to the Settlement Fund, but constitute real benefits for Settlement Class Members. Furthermore, Class members will receive these benefits without having to prove any harm or take any affirmative actions. In other words, Class Members will not be required to submit any forms or make any claims against the fund.

## DISMISSAL OF CLAIMS AND RELEASES

15. The Consolidated Actions and all Released Claims of Settlement Class Members are hereby dismissed with prejudice and, except as otherwise provided herein or in the Settlement Agreement or Global Settlement, without costs to any party.

16. Pursuant to the Settlement Agreement, as of the Effective Date of this Settlement, Plaintiffs and each member of the Settlement Class shall be deemed to have fully, finally, and forever released and discharged Great Plains, the Otoe-Missouria Tribe of Indians and its current and former Tribal Officials; Plain Green, the Chippewa Cree Tribe of the Rocky Boy's Reservation of Montana and its current and former Tribal Officials; MobiLoans, the Tunica Biloxi Tribe of Louisiana and its current and former Tribal Officials; Mark Curry, Sentinel Resources, LLC, Sol Partners, LLC, Red Stone Inc. (as successor-in-interest to MacFarlane Group), and all other entities owned in whole or in part by Mark Curry or other Curry-owned entities as to their conduct as it pertains to loans originated or serviced in the name of Great Plains; as well as, with respect to any such person or entity (as defined in section 101(15) of the Bankruptcy Code) and understood and intended to include a federally recognized Indian Tribe, such person or entity's current and former directors, managers, officers, equity holders (regardless of whether such interests are held directly or indirectly), affiliated investment funds or investment vehicles, predecessors, successors, assigns, parents, subsidiaries, affiliates, managed accounts or funds, partners, limited partners, general partners, principals, members, management companies, investment managers, fund advisers, employees, advisory board members, financial advisors, accountants, investment bankers, consultants, and Business Committee members ("Released Parties") from any and all Released Claims, as defined below:

> "Released Claims" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever,

whether based on federal law, state law, common law, territorial law, foreign law, tribal law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, actual or contingent, liquidated or unliquidated, punitive or compensatory, as of the date of the Final Fairness Approval Order and Judgment, that relate to and/or arise out of loans made by and/or in the name of Great Plains, Plain Green prior to June 1, 2016, and/or MobiLoans, prior to May 5, 2017.

Notwithstanding the preceding, this release will not include TC Decision Sciences LLC; TC Loan Service LLC; Tailwind Marketing LLC; Think Finance SPV LLC; Think Finance, Inc.; Haynes Investment; Sovereign Business Solutions, or any owners, employees, shareholders, or directors of any of these persons or entities.

17. The Release shall not pertain to claims relating to conduct occurring or actions taken by any Released Party after the Effective Date, except to the extent that such claims are based upon conduct or activity that is undertaken pursuant to the Settlement Agreement.

18. Plaintiffs and each Settlement Class Members have expressly waived and relinquish any and all rights and benefits that they may have under, or which may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, and any similar or comparable provisions, rights, and benefits conferred by the law of any state or territory of the United States or any jurisdiction, and any principle of common law, as set forth in the Settlement Agreement.

19. Plaintiffs and each Settlement Class Member have further covenanted and agreed that they will not sue or bring any action or cause of action, including by way of third-party claim, or counterclaim, against any of the Released Parties in respect of any of the Released Claims; they will not initiate or participate in bringing or pursuing any class action against any of the Released Parties in respect of any of the Released Claims; if involuntarily included in any

such class action, they will use their best efforts to withdraw therefrom; and they will not assist any third party in initiating or pursuing a class action suit in respect of any of the Released Claims.

20. The release in the Settlement Agreement may be raised as a complete defense and bar to any action or demand brought in contravention of the Settlement Agreement.

## AWARD OF ATTORNEYS' FEES AND COSTS AND SERVICE AWARDS

21. At the conclusion of a successful class action, class counsel may apply to a court for an award of attorneys' fees. *See* Fed. R. Civ. P. 23(h). Pursuant to the Settlement Agreement Class Counsel may request reasonable attorneys' fees and reimbursement of costs to be paid from the Monetary Consideration, provided that the total amount of such request does not exceed thirty-three percent (33%) of the Monetary Consideration provided to Settlement Class Members under the Settlement Agreement.

22. Because this is a common-fund case, it is appropriate to employ a percentage of the fund method for calculating a proper fee award. When a representative party confers a substantial benefit upon a class, counsel is entitled to attorneys' fees based on the benefit obtained. *Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980). *See, e.g., Milbourne v. JRK Residential America, LLC*, No. 3:12-cv-861-REP (ED. Va. Jan. 4, 2017) (Doc. 324); *Mayfield v. Memberstrust Credit Union*, 3:07-cv-506-REP (E.D. Va. Nov. 7, 2008) (Doc. 22); *Conley v. First Tennessee*, 1:10-cv-1247-JFA (E.D. Va. Aug. 18, 2011) (Doc. 37); *Lengrand v. Wellpoint*, No. 3:11-cv-333-HEH (E.D. Va. Nov. 13, 2012) (Doc. 42).

23. No Class Member or Government entity has objected to Class Counsel's request.

24. The Court, having reviewed the declarations, exhibits, and points and authorities submitted in support of and opposition to Class Counsel's request for attorneys' fees and

reimbursement of costs, approves the award of attorneys' fees and reimbursement of costs to Class Counsel in the amount of $5,248,227.93 ("Fee and Expense Award"). The Court finds that the Fee and Expense Award is reasonable and appropriate under all of the circumstances presented.

25. The Settlement Agreement also provides that Plaintiffs may request a Service Award to be paid from the Monetary Consideration, provided such awards do not exceed $7,500 to each Class Representative.

26. Courts routinely grant service awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of class action litigation. *See, e.g., Manuel v. Wells Fargo Bank*, No. 3:14-cv-238 (DJN), 2016 WL 1070819, at *6 (E.D. Va. Mar. 15, 2016) (explaining that service awards are "intended to compensate class representatives for work done on behalf of the class, to make up for financial or reputational risk undertaken in bringing the action, and, sometimes, to recognize their willingness to act as a private attorney general"). Here, the Court finds that the requested Service Awards are reasonable and within the range of awards granted by courts in this and other circuits. *See, e.g., id.* (approving $10,000 service award); *Ryals, Jr. v. HireRight Solutions, Inc.*, No. 3:09-cv-625 (JAG) (E.D. Va. Dec. 22, 2011) (awarding $10,000 service awards to each class representative). Moreover, these Service Awards are justified by the time and effort expended by the Class Representatives on behalf of the Settlement Class Members and the risk each assumed in bringing this action. Accordingly, the Court finds that each of the Class Representatives, Darlene Gibbs, Stephanie Edwards, Lula Williams, Patrick Inscho, Isabel DeLeon, Tamara Price, Sherry Blackburn, George Hengle, Regina Nolte, Sharon Burney, Chastity McNeil and Lawrence Mwethuku shall be awarded $7,500 for their efforts. The Court notes that the Class

Representatives will only receive one service award regardless of whether or not they are also a Class Representative in the Global Settlement.

27. The Court further notes that the percentage of requested attorneys' fees and reimbursement of costs and the dollar amount of the Service Awards was included in the notice materials disseminated to the Settlement Class.

28. The award of attorneys' fees and costs and Service Awards shall be paid by the Defendants from the Monetary Consideration within fourteen (14) days of the Effective Date.

## OTHER PROVISIONS

29. The Court has jurisdiction to enter this Final Order and Final Judgment. Without in any way affecting the finality of this Final Order or the Final Judgment, this Court expressly retains exclusive and continuing jurisdiction over the Settlement and the Settlement Agreement, including all matters relating to the administration, consummation, validity, enforcement, and interpretation of the Settlement Agreement or the Final Order and Judgment, including, without limitation, for the purpose of:

    a. enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, the Final Order, or the Final Judgment (including, whether a person or entity is or is not a Settlement Class Member);

    b. entering such additional orders, if any, as may be necessary or appropriate to protect or effectuate the Final Order, the Final Judgment, or the Settlement Agreement, or to ensure the fair and orderly administration of the Settlement; and

    c. entering any other necessary or appropriate orders to protect and effectuate this Court's retention of continuing jurisdiction over the Settlement Agreement, the Final Order,

or the Final Judgment.

30. Without affecting the finality of this Final Order or the Final Judgment, the Consolidated Defendants, each Settlement Class Member, and the Class Administrator hereby irrevocably submit to the exclusive jurisdiction of the Court for the limited purpose of any suit, action, proceeding, or dispute arising out of the Settlement Agreement or the applicability of the Settlement Agreement, including any suit, action, proceeding, or dispute relating to the Release provisions herein. The Consolidated Defendants further make a limited waiver of their claims to sovereign immunity from suit for the limited purpose of enforcing this Settlement Agreement. Except as expressly set forth herein, nothing contained in this Final Order or the Final Judgment shall be construed as a waiver or abrogation of any rights or privileges belonging to Great Plains, the Otoe-Missouria Tribe, Plain Green, the Chippewa Cree Tribe of the Rocky Boy's Reservation of Montana, MobiLoans, the Tunica Biloxi Tribe of Louisiana, and each of their current, past, and future affiliates, subsidiaries, parents, insurers, and all of the respective directors, officers, Business Committee members, general and limited partners, shareholders, managers, representatives, employees, members, agents, attorneys, accountants, successors, assigns, and representatives, including sovereign immunity from judicial process.

31. The Parties are hereby directed to carry out their obligations under the Settlement Agreement.

32. Without further order of the Court, the Parties may agree to reasonably necessary extensions of time to carry out any of the provisions of the Settlement Agreement. Likewise, the Parties may, without further order of the Court or notice to the Settlement Class, agree to and adopt such amendments to the Settlement Agreement (including exhibits) as are consistent with this Final Order and the Final Judgment and that do not limit the rights of Settlement Class

Members under the Settlement Agreement or Global Settlement.

33.     In the event that the Settlement becomes null and void, certification of the Settlement Class shall be automatically vacated and this Final Approval Order and Final Judgment, as well as all other orders entered and releases delivered in connection with the Settlement Agreement, shall be vacated and shall become null and void, shall be of no further force and effect, and the Parties' rights and defenses shall be restored, without prejudice, to their respective positions as if the Settlement Agreement had never been executed.

34.     This Final Approval Order and Final Judgment is final for purposes of appeal and may be appealed immediately.

THIS CAUSE IS ENDED.

**IT IS SO ORDERED.**

Dated: December 13, 2019

/s/ *M. Hannah Lauck*
M. Hannah Lauck
United States District Judge

Hon. M. Hannah Lauck
United States District Court Judge